(No. 4980a.  April 9, 1927.)

## In re C. H. EDWARDS.

[255 Pac. 906.]

ATTORNEY AND CLIENT—RECORD OF EVIDENCE IN DISBARMENT PROCEED-
INGS.

In disbarment proceedings, accused ordered suspended for
term of one year, *held* not entitled under Laws 1923, chap. 211,
secs. 11, 13–15, and Rules of the Board of Commissioners of
Idaho State Bar, Nos. 27, 39, to record of evidence considered
by special committee, in absence of showing that trial committee
ever considered either evidence taken before special committee or
committee's report, since investigation by special committee was
purely an *ex parte* proceeding in no way determinative of guilt of
accused.

DISBARMENT PROCEEDINGS.  Motion *in re* diminu-
tion of the record.  *Denied.*

S. L. Tipton, for C. H. Edwards.

James F. Ailshie, Jr., and E. J. Frawley, for Idaho State
Bar.

Counsel file no briefs.

T. BAILEY, LEE, J.—On June 25, 1926, a petition was
presented the board of commissioners of the Idaho State
Bar asking that the board investigate certain alleged un-
professional conduct of C. H. Edwards, a member of the
state bar.  The board appointed a special committee to
investigate the matter and report ''as to whether charges
should be filed.''  In due time the committee reported to
the board, recommending that the charges be prosecuted;
and the board, on August 10, 1926, appointed a committee
on discipline to conduct a hearing, and further appointed

Publisher's Note.
See Attorney and Client, 6 C. J., sec. 80, p. 609, n. 99 New.

two members of the bar to file a formal complaint and conduct the prosecution. After regular citation to the accused a hearing was had; and on December 3, 1926, the committee on discipline filed with the board its findings and conclusions, recommending a definite suspension of the accused for the term of one year. This action was approved by the board which later filed its formal findings, conclusions and order of suspension with the clerk of this court. The accused has filed his petition for review and moved that the respondent board be required to supply the record with a copy of the testimony taken by the special investigating committee, together with a copy of said committee's report of its findings and recommendations. Movant alleges by affidavit that the testimony taken before the special committee is in conflict with that submitted to the committee on discipline; that at the time of the hearing before such latter committee, the special committee's report was on file with the board; that he believes such report was read by the chairman of the trial committee, foreclosing accused an impartial and unbiased hearing, and further biasing and prejudicing the board both in directing the prosecution and its final judgment. Countering these charges are the affidavits of the president of the board, the chairman of the committee on discipline, and one of the committee on prosecution.

The president of the board states that he was a member of the board when the special committee was appointed, and was president of such board when the trial was had before the committee on discipline; that he is informed that no witness was sworn by the special committee, but that evidence was offered voluntarily and was taken down in shorthand and has never been transcribed. He states that the board never ordered it to be transcribed, and that it has never been in the possession of the board; that the board in determining its findings and judgment never considered the report of the special committee nor any proceedings taken before it, but considered "solely and alone

the testimony taken and the record made before the trial committee," and that no other matter or thing was considered by them.

The chairman of the trial committee states that such committee never at any time had before it or saw or considered the report of the special committee, and that no evidence or statement made before such committee was introduced at the trial or in any way considered by the trial committee, and that neither he nor said trial committee did in any way deal with, consider or know anything about the proceedings before such special committee.

James F. Ailshie, Jr., one of the committee on prosecution, states that on the date of his appointment the report of the special committee was transmitted to him, has been in his possession ever since, and was never introduced in evidence or referred to at the trial; that he is advised by the stenographer who reported the hearing before the special committee that no complete transcript of the testimony has ever been ordered; that affiant ordered a certain portion thereof transcribed for use in the preparation for trial; that the same has been in his possession at all times and was never offered in evidence at the trial.

Movant insists that he is entitled to the demanded record under Sess. L. 1923, chap. 211, sec. 15, and Rule 39 of the rules of the board as approved by this court. Sec. 15 provides: "A complete record of the proceedings and evidence taken by the board, committee or commissioner shall be made and preserved by the board." Sec. 11 of the act provides for the creation of committees for the purpose of investigating complaints and charges, which committees may be appointed to administer discipline, including suspension and disbarment as approved by the board. Sec. 13 authorizes the board or any committee by it appointed, for the purpose of investigating charges, to compel attendance of witnesses by subpoena, and to take their testimony under oath at the investigation or hearing. And sec. 14 gives the accused the right to notice and the opportunity to be

represented by counsel, to examine the witnesses produced against him, to offer evidence in his behalf and to summon witnesses by subpoena.

A reading of these sections clearly shows that the proceedings and evidence mentioned in sec. 15 relate to the proceedings and evidence taken at the investigation or hearing where the issue of guilt or innocence is determined upon legally accredited evidence. They cannot refer to proceedings and unsworn statements at some preliminary, *ex parte* investigation, the sole purpose of which is to recommend a dismissal or prosecution of the charge.

Rule 39 provides that the committee on discipline, the trial committee, shall forward to the secretary of the board its written findings, conclusions and recommendations, together with all papers filed in connection with the said matter and all testimony taken therein and all exhibits offered; that after examination of such record, the board shall certify to the clerk of this court such order or judgment as it shall have entered, accompanied, except in the case of dismissal, by the original record. The original record means, of course, whatever papers or records were by law required to be filed with or by the board, together with the minute entries of its every action in the matter. There is no requirement that the report recommending the prosecution of charges be filed anywhere.

Rule 27 provides that the commissioner to whom the charges may be referred shall exercise his own judgment as to the making of a preliminary investigation. Should he deem an inquiry unwarranted, he need conduct none. But, in case he does investigate, he shall report at the next meeting of the board his conclusions as to whether or not formal action should be taken. He merely reports a conclusion, yes or no. There is no direction for a report setting out in detail the basis of that conclusion, nor is there direction to file any report at all. The special committee functions in lieu of the commissioner.

There is no showing before the court that the board or the trial committee ever considered either the evidence taken before the special committee or that committee's report. The uncontradicted affidavits attest they did not.

On October 4th, nearly two months before the hearing, the board's minute entries disclose that by agreement of opposing counsel it was ordered that the accused might procure at his own expense a copy of the evidence or any part thereof taken at the preliminary investigation. He did not see fit to procure it, and, as has already been observed, that investigation was a purely *ex parte* proceeding in no way determinative of the guilt of the accused.

Motion denied.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.