## UNITED STATES v. HERZIG et al.

District Court, S. D. New York. May 1, 1928.

**1. Criminal law ⬯627½—Defendants held not entitled to inspect minutes of grand jury finding indictment.**

Defendants, in prosecution for using the mails in a scheme to defraud and for conspiracy to commit substantive offense, *held* not entitled to inspect minutes of grand jury finding indictment.

**2. Indictment and information ⬯10—Court will not review proceedings before grand jury to determine whether they acted on competent evidence.**

Courts will not sit in review of proceedings before grand jury to determine whether or not grand jury acted on competent evidence.

**3. Grand jury ⬯7—Order providing for drawing of grand jury and continuing order in force until further order continued as valid order until modified.**

Court order providing for drawing of grand jury from time to time as specified, and providing that order might be modified at any time by special order of court, but that, unless so modified, it was to continue in force until further order of court, continued as a valid order until modification thereof.

**4. Indictment and information ⬯137(2)—Authority and organization of de facto grand jury cannot be successfully challenged by plea in abatement after finding of indictment.**

Where grand jury finding indictment constituted a de facto grand jury, its authority and organization as such could not be successfully challenged by plea in abatement after finding of indictment.

**5. Indictment and information ⬯71—Indictment for using mails in scheme to defraud and for conspiracy held not void for uncertainty, because merely alleging mail matter was deposited in "authorized depository."**

Indictment for using the mails in a scheme to defraud and for conspiracy to commit substantive offense *held* not void for uncertainty, because of merely alleging that mail matter was deposited in an authorized depository for mail matter in the borough of Manhattan, city, county, and state of New York, and within jurisdiction of court, since all innumerable mail boxes and mail chutes, provided by government for convenience of public, constitute authorized depositories for mail matter, and post office canceling stamp may not designate initial place of deposit.

**6. Conspiracy ⬯43(9)—Post office ⬯49(1)—Government, in prosecution for using mails in scheme to defraud and for conspiracy, must prove mailing was within jurisdiction of court in authorized depository.**

Government, in order to make out prima facie case in prosecution for using mails in scheme to defraud and for conspiracy to commit substantive offense, must prove that mailing was made within jurisdiction of court and that mail matter was deposited in authorized depository for mail matter; gist of offense being use of mails in execution of scheme.

**7. Indictment and information ⬯71—Indictment, sufficiently alleging facts to save defendants from jeopardy in subsequent indictment, and apprising defendants of facts, is sufficient.**

Indictment which is sufficiently certain and specific in alleging facts constituting crime charged against defendants, so as to save them from further jeopardy in a subsequent indictment and apprise defendants with reasonable particularity of facts sufficient to sustain it, and on which it is based, is sufficient.

**8. Conspiracy ⬯43(9)—Post office ⬯48(4⅝)—Indictment for using mails in scheme to defraud and for conspiracy held not defective for failure to set forth terms of letters.**

Indictment in prosecution for using the mails in a scheme to defraud and for conspiracy to commit substantive offense *held* not defective for failure to set forth terms of various letters mailed, since written words of instrument do not constitute essential ingredients of offense; it being the use of the mails, and not the written word, that constitutes the gist of the crime.

**9. Post office ⬯48(4)—Indictment for use of mails in scheme to defraud, alleging formation of definite scheme, may properly allege continuance by mailing letters thereafter.**

Scheme or plan to defraud by use of mails must be planned or devised before actual use of mails, in order to authorize conviction therefor; but its consummation may be brought about by one or many mailings, and indictment alleging formation of scheme may properly allege continuance of execution thereof by mailing letters from time to time thereafter.

**10. Conspiracy ⬯32—Scheme to use mails to defraud, criminally shared among several participating therein, becomes "conspiracy."**

Where scheme or plan for use of mails to defraud is criminally shared among several, who participate therein, it becomes a "conspiracy," though conspiracy count adds nothing of substance to charge, except as relieving prosecution of showing connection of all defendants at date of posting of letters.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

**11. Post office ⬯35(2)—Any mailing in furtherance of scheme to defraud, by using mails between separate dates in indictment, constituted an offense.**

Any mailing in furtherance of scheme to defraud by use of mails, in indictment charging scheme was formed in January, 1924, and continued and consummated from day to day until April, 1926, which was made between two such dates alleged, would constitute an offense.

At Law. Prosecution by the United States against Jacob Simon Herzig, alias George Graham Rice, and others. On defendants' motion to inspect stenographer's minutes of the grand jury which found the indictment, plea in abatement, and motion to quash indictment. Motions denied, and plea overruled.

Charles H. Tuttle, U. S. Atty., David W. Peck, Asst. U. S. Atty., both of New York City.

Louis Marshall, Nash Rockwood, and David P. Siegel, all of New York City, for defendants.

George Graham Rice, pro se.

WINSLOW, District Judge. The defendants have made three separate motions: (1) To inspect the stenographer's minutes of the grand jury which found the indictment; (2) a plea in abatement; and (3) a motion to quash the indictment. The defendants have been indicted under ten separate counts for using the mails in a scheme to defraud, and also under a separate count for conspiracy to commit the substantive offense.

[1] Assuming that the court has the discretionary power to permit the inspection of the grand jury minutes, the moving papers are wholly insufficient to warrant the court exercising such power. Such permission, however, would be contrary to a number of precedents which are controlling upon this court. Even if there were no precedent, I am in full accord with the policy which denies such permission, and the motion to inspect the minutes is denied.

[2] The plea in abatement has no more substantial basis than the motion to inspect the grand jury minutes. I think it is well settled in this circuit that courts will not sit in review of proceedings before the grand jury, to determine whether or not the grand jury acted on competent evidence. Kastel v. U. S. (C. C. A.) 23 F.(2d) 156.

[3] The highly technical argument that the grand jury was not properly impaneled is not persuasive. The order of this court, June 2, 1920, provided for the drawing of the so-called morning grand jury from time to time as specified, and provided that the order might be modified at any time by special order of the court, but that, unless so modified, it was to continue "in force until the further order of the court." There is no contention that any modification has been made, and it continues and stands as a valid order.

[4] Furthermore, it was a de facto grand jury, and, as such, its authority and organization may, not now be successfully challenged.

The contention that an unauthorized person appeared before the grand jury is wholly specious, for the reason that the fact is, and the record clearly shows, that such alleged unauthorized person did not appear before the grand jury which presented this indictment.

The plea in abatement is overruled.

[5] The third motion—i. e., to quash the indictment—rests to some extent upon the same arguments advanced as to the plea in abatement, and, in addition thereto, it is contended that the indictment is void for uncertainty, in that it merely alleges that the mail matter was deposited "in an authorized depository for mail matter," in the borough of Manhattan, city, county, and state of New York, Southern district of New York, and within the jurisdiction of this court. The alleged uncertainty is urged, in that the particular depository in which the mail matter was deposited is not identified. Authorized depositories for mail are not limited to post offices. Innumerable mail boxes and mail chutes have been provided by the government for the convenience of the public, particularly in large centers of population. These are authorized depositories for mail matter. The post office canceling stamp, of course, may not designate the initial place of deposit. If the defendants' contention had any basis in reason, it would in many instances put a burden upon the government in mail fraud cases clearly never contemplated by the Congress, and it would give the violator of the law an easy method of escaping its just penalties.

[6, 7] The government, in order to make out a prima facie case, must prove that the mailing was made within the jurisdiction of this court, and that the mail matter was deposited in an authorized depository for mail matter. The gist of the offense is the use of the mails in the execution of the scheme. If this indictment alleges every essential ingredient, and is sufficiently certain and specific as to alleged facts constituting the crime charged against the defendants, so as to save them from further jeopardy in a subsequent indictment, and if it apprises the defendants with reasonable particularity of facts sufficient to sustain it and upon which it is based, to the end that the defendants may prepare their defense, then the indictment stands the test. The application of the test is the reading of the indictment. No amount of hairsplitting or technical argument can be substituted for the document itself. It is absurd to say that these defendants can have the slightest doubt as to the specific charge against them, or that more could or should be alleged, in order that they may prepare their defense.

[8] There is no merit in the contention that this indictment is defective, in that it does

not set forth the terms of the various letters mailed. In some classes of crimes, where the written words of the written instrument are essential ingredients of the offense, as in forgery or passing counterfeit money, etc., the written instrument should be set out in full. Obviously such rule has no application here. Wilson v. U. S. (C. C. A.) 275 F. 307, at page 312.

[9] In the fraudulent use of the mails, the letters may be wholly innocuous in themselves, and yet be evidentiary of the crime charged. It is the use of the mails, not the written word, that is the gist of the crime. The argument of counsel that the indictment is fatally defective "in stating that the alleged unlawful scheme was not completely devised until April 6, 1926," misinterprets the plain language of the indictment. It is true that the scheme or plan to defraud by use of the mails must be planned or devised before the actual use of the mails, but its consummation may be brought about by one or many mailings. The indictment in question alleges, in substance, the formation of one definite and far-reaching scheme in January, 1924, and the continuance and execution of the scheme or plan by mailing letters from time to time thereafter and until April 6, 1926. Each of the first ten counts alleges the application of the scheme to a different person. A scheme to defraud may be simple in its plan and execution, or it may be elaborate and may require a wide-spread campaign involving many victims. That is the thing charged here.

[10] Where the scheme or plan is criminally shared among several, who participate therein, it becomes a conspiracy. But, as the Circuit Court has well said in Van Riper v. U. S., 13 F.(2d) 961, 964: "The conspiracy count adds nothing of substance to the charge, except as it relieves the prosecution of the necessity of showing the connection of all the defendants to be charged at the date of the posting of the letters laid in the indictment." If the conspiracy was continuous, the scheme to defraud is continuous.

[11] This indictment charges that the scheme was formed in January, 1924, and continued and consummated from day to day until April 6, 1926. There was but one scheme alleged, but many intended victims. Any mailing in the furtherance of the scheme between the two dates would constitute an offense.

The other arguments advanced on the motion to quash have to do with evidence, rather than with the technical sufficiency of the indictment.

The motion to quash is denied.