## In re SECURITIES AND EXCHANGE COMMISSION.
### No. 395.

Circuit Court of Appeals, Second Circuit.
June 1, 1936.

Abraham M. Lowenthal, of New York City (Murray Halwer, of Brooklyn, N. Y., of counsel), for appellants.

John J. Burns, Gen. Counsel, Securities and Exchange Commission, of Washington, D. C. (William W. Prager and Irving J. Galpeer, both of New York City, and Stuart K. Barnes, of New York City, of counsel), for petitioner-appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellee, acting under the authority of section 21 (a) and (b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78u (a, b), on November 16, 1935, had ordered that an investigation be made to determine whether Pirnie Simons & Company, Inc., had violated, or were about to violate, section 9 (a) (1–5) of the act, 15 U.S.C.A. § 78i (a) (1–5), in transactions in the stock of Dictograph Products Company, Inc. The order appointed an officer of the Commission to administer oaths and subpœna witnesses. Each of the appellants, alleged to be employees of Pirnie Simons & Co., were duly subpœnaed to appear and testify before the officer. All appeared, pursuant to the subpœna, represented by an attorney who was also the attorney for Pirnie Simons & Co., Inc. When they appeared, they stated that they were ready and willing to testify before the Commission upon matters pertaining to its investigation provided the Commission would furnish each of them with a copy of the transcript of his testimony. The Commission refused to agree to furnish such transcript and claiming that the Commission was "unjust, unreasonable and improper," the appellants "refused to testify unless such condition is removed." The Commission thereupon petitioned the court below, pursuant to section 21 (c) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78u (c), for an order requiring them to testify. In the answer filed, respondents stated: They "have at all times been ready and willing to testify before the Securities & Exchange Commission upon matters pertaining to its investigation but the Securities & Exchange Commission has placed a condition upon such testimony, to wit, that no copy of the transcript thereof shall be furnished to said witnesses or any of them. That the said condition so placed upon the testimony of respondents is unreasonable, unjust, illegal and improper and for that reason the respondents have refused to testify unless such condition is removed."

In assuming this stand, appellants rely upon rule IV (c) of the Rules of Practice of the Commission, which provides: "Hearings shall be stenographically reported and a transcript thereof shall be made which shall be made a part of the record of the proceeding. Transcripts will be supplied to parties by the official reporter at such rates as may be fixed by contract between the Commission and the reporter."

Section 21 (a), 15 U.S.C.A. § 78u (a), empowers the Commission to make such investigations as it deems necessary to determine whether any person has violated, or is about to violate, the act, and gives the complementary power to compel the attendance of witnesses. Paragraphs (b) and (c) of the section set forth the methods of such investigation and compulsion of testimony. The information so obtained is not conclusively final against any one. Under section 21 (e), 15 U.S.C.A. § 78u (e), the institution of criminal prosecutions, or suits for injunction, are authorized whenever the facts as to violations shall appear to the Commission, and, in the case of prosecution, the Attorney General, as a matter of discretion, co-operates. Provision is made that the Commission may in its discretion publish the information obtained. While this latter authority gives an advantage which might be abused, this is not a sufficient reason to forbid or restrain this preparatory investigation. An investigation is conducted in order to determine whether the facts justify a determination by the Commission to hold a "hearing" or to bring suit for injunctive relief. The investigation makes no determination or decision between the parties

for there are no parties. This fundamental distinction between an investigation and a hearing has received judicial recognition. Cf. Lindsay v. Allen, 113 Tenn. 517, 82 S. W. 648; In re Edwards, 44 Idaho, 163, 255·P. 906. A hearing presupposes a formal proceeding upon notice with adversary parties, and with issues on which evidence may be adduced by both parties and in which all have. a right to be heard. See State v. Milhollon, 50 N.D. 184, 195 N.W. 292, 295. Rule IV (c)˙in terms applies to hearings, not investigations, and means what it says. Securities & Exchange Comm. v. Torr (D.C.S.D.N.Y.) 15 F. Supp. 144.

The character of the investigation, as a preparatory matter looking to ˙the enforcement of the act, gives the basis for refusal to grant copies of the testimony. Grand jury proceedings are somewhat analogous and their records are not open to defendants. U. S. v. Cotter, 60 F.(2d) 689, 692 (C.C.A.2); U. S. v. Herzig (D.C.) 26 F. (2d) 487; U. S. v. Garsson (D.C.) 291 F. 646; U. S. v. Violon (C.C.) 173 F. 501.

The value and validity of secrecy has been upheld in proceedings under the New York State Martin Act (General Business Law [Consol.Laws, c. 20] art. 23-A, § 352 et seq.), similar in purpose to the Securities Exchange Act. See Ottinger v. State Civil Service Comm., 240 N.Y. 435, 438, 148 N.E. 627. Cf. also People ex rel. Karlin v. Culkin, 248 N.Y. 465, 478, 479, 162 ˙N.E. 487, 60 A.L.R. 851.

In Interstate Commerce Comm. v. Brimson, 154 U.S. 447, 14 S.Ct. 1125, 38 L. ˙Ed. 1047, the Supreme Court upheld section 12 of the Interstate Commerce Act (49 U.S.C.A. § 12) authorizing the compulsion of witnesses to attend investigations on the enforcement of the Interstate Commerce Act. Thus for years a procedure like that authorized for the Commission has been used by another government administrative body without question as to its validity.

Appellant argued that the order allows a "fishing expedition" of the type considered improper in Federal Trade Comm. v. American Tobacco Co., 264 U.S. 298, 44 S. Ct. 336, 68 L.Ed. 696, 32 A.L.R. 786, and Ellis v. I. C. C., 237 U.S. 434, 35 S.Ct. 645, 59 L.Ed. 1036. But appellants' answer expressed a willingness to testify conditioned only upon a desire for a copy of the testimony. Moreover, the order for the investigation of Pirnie Simons & Co., Inc., is to ascertain· the facts about any violation occurring in trading in the specific stock mentioned, under section· 9 (a) (1–5). These sections relate to the manipulation of stocks. If the order were required to set out more definite facts, it would make ˙investigations available only when superfluous. In Harriman v. I. C. C., 211 U.S. 407, 29 S.Ct. 115, 118, 53 L.Ed. 253, the court, in outlining the scope of the power to require testimony given by that act, said that it "is limited, as it usually is in English-speaking countries, at least, to the only cases where the sacrifice of privacy is necessary—those where the investigations concern a specific breach of the law." The investigation here is limited closely enough to a breach of the act by trading in a certain stock in a certain prohibited manner.

Jones v. Securities & Exchange Comm.,* 56 S.Ct. 654, 80 L.Ed. ——, does not aid the appellant. There the court said .that Jones was authorized to withdraw a registration statement previously filed by him; an order directing Jones to appear and testify in a proceeding to determine whether or not a stop order could be issued suspending the effectiveness of such registration statement had been granted. The court held that the Commission had no right to refuse to˙ allow the withdrawal of the registration statement and that with such withdrawal the proceeding was ended. The investigation had ceased to be legitimate when the registrant had withdrawn his statement.

▮ In the instant case, the investigation was specifically ordered for a certain purpose on a question sufficiently narrow to be clearly supportable. The appellants were subpœnaed as employees of the firm under investigation and it˙was proper to examine them.

The order is affirmed.

* 298 U.S. 1.