**In re CLAIBORNE.**

No. 3650.

Circuit Court of Appeals, First Circuit.

April 28, 1941.

Albert Levitt, of Redding, Conn., for Robert W. Claiborne.

Gabriel de la Haba, of San Juan, P. R., for respondent.

Before MAHONEY and WOODBURY, Circuit Judges, and FORD, District Judge.

MAHONEY, Circuit Judge.

This is an appeal from a judgment or final order of the District Court of the United States for Puerto Rico suspending the appellant from the practice of law for a period of twelve months.

The appellant, Robert W. Claiborne, an attorney, was appointed Territorial Representative of the Wages and Hours Division of the Federal Department of Labor some time in the year 1938 and continued to act in that capacity until about March, 1939. Shortly after he severed his connection with the government he began the private practice of law in Puerto Rico, specializing in labor cases. Appearing as attorney for the plaintiffs he filed two cases in the Federal Court under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., namely Eustaquia Riviera et al. v. Ades Brothers, Law No. 2479, and German Crespo et al. v. Ades Brothers, Law No. 2573. Counsel for the defendants in both

cases moved that the court issue rules to show cause why the names of certain of the parties should not be stricken as parties plaintiff, why the appellant should not show his authority to represent the remaining plaintiffs, and why disciplinary measures should not be taken against the appellant.

Orders to show cause, based on these motions, were issued on December 4, 1939, and on the second, third and fourth days of January, 1940, hearings on these orders were held at Mayaguez. The appellant participated in them as attorney for certain plaintiffs and also on his own behalf. Some of the evidence which was introduced at the hearings seemed to indicate that the appellant had been engaging in unprofessional conduct, and the court decided that a thorough investigation of his professional activities should be made. He communicated with the president of the Federal Bar Association who designated Mr. Gabriel de la Haba, a member of the bar of the federal district court, to act on behalf of the Bar Association and present to the court such charges and evidence as he considered appropriate.

After an investigation of the documentary evidence in the two cases, and the transcript of the oral testimony taken at the Mayaguez hearing, which was loaned to him by the court reporter, Mr. de la Haba filed his report in which two matters were treated separately and distinctly. One of these dealt with the authority of Mr. Claiborne to represent the plaintiffs in the two pending suits, and the other concerned the propriety of his professional conduct. In compliance with the recommendation contained in the report as to the first part, the court denied the motions to show cause.

The second part of the report contained certain findings which charged the appellant with unethical, undignified and unprofessional conduct: (1) that he endeavored through advertisement and solicitation to represent employers and employees whose interests were necessarily adverse in any legal action or controversy; (2) that he used certain officers of the Needleworkers' Union to solicit and obtain business for him on his written offer to "kick back" part of his professional fee to the Union on the basis of 20 per cent; (3) that while representing the interests of labor and purporting to be a champion of its cause, he communicated with Mr. Samuel Schweizer, president of the Puerto Rico Needleworkers' Association, an association of employers, and offered to split fees with him in the Dweck case; (4) that he made an improper offer to associate as an attorney with the said Samuel Schweizer, who was a non-professional, implying that he was an asset to any possible association on account of his knowledge of matters regarding wages and hours because of the fact that until recently he had been Regional Counsel for the Department of Labor in the administration of the law; (5) that he made improper comments on an interview purported to have been had with the Judge of the District Court in chambers, utilizing this confidential conversation for the purpose of inducing an adverse party to settle a case pending in court, by addressing himself directly to that other party and not through counsel; and (6) that in a letter addressed by him to said Samuel Schweizer he intimated that he had influence due to friendship over a judge of the United States Circuit Court of Appeals for the First Circuit, which intimation was calculated to encourage favorable consideration of his employment as attorney for the needlework industry, constituting improper solicitation of business, and at the same time an unwarranted reflection on the impartiality and justice of the Federal Circuit judge.

Upon the recommendation contained in the report, the court issued its order directing the appellant to appear and show cause if any there be why he should not be disbarred from the practice of law as an attorney before the court and directing that a duly attested copy of the order and a duly attested copy of the report be served personally on him.

The appellant in his answer denied that he had done anything which lawfully or morally subjected him to being disbarred; and he averred that the order was irregular and unlawful in that it purported to institute disbarment proceedings as a part of litigation between private litigants, that no lawful or sufficient presentment had been made against appellant and that the order violated the rights guaranteed the appellant by the Fifth Amendment of the Constitution of the United States.

A hearing was held on July 17th and 18th at San Juan, Puerto Rico, before Judge Robert A. Cooper of the District Court of the United States for Puerto Rico, and at its conclusion the court entered its order

suspending the appellant from the practice of law for a period of twelve months. The order recited that the "suspension is to take effect when the pending cases in which Mr. Claiborne is counsel of record in this court are terminated either by final judgment in this court or by settlement or on December 1, 1940, whichever is the earlier date".

The appellant appeals from this order on the grounds that he did not have a fair trial, that his alleged acts did not constitute unprofessional conduct, and that the judgment was not supported by evidence. We cannot agree.

■ The appellant argues that the judgment should be reversed because no lawful presentment of charges was made against him and because he was not furnished with a free copy of the transcript of the proceedings at Mayaguez, allegedly necessary to the preparation of a proper defence. The court denied a motion that he be furnished with such transcript, but informed the appellant's attorney that he could get it if he tendered the cost of it to the reporter. This was not done, nor did the appellant or his attorney ever request the reporter to lend him his copy, as was done by Mr. de la Haba. We do not believe that the appellant was entitled to a free copy of the transcript as a matter of right.

■■ Every court which has power to admit attorneys to practice has inherent authority to disbar or discipline attorneys for unprofessional conduct. Ex parte Wall, 1883, 107 U.S. 265, 273, 2 S.Ct. 569, 27 L.Ed. 552; In re Fletcher, 1939, 71 App. D.C. 108, 107 F.2d 666, certiorari denied, 1940, 309 U.S. 664, 60 S.Ct. 593, 84 L.Ed. 1011, rehearing denied, 1940, 309 U.S. 698, 60 S.Ct. 713, 84 L.Ed. 1037; Conley v. United States, 8 Cir., 1932, 59 F.2d 929; Hertz v. United States, 8 Cir., 1927, 18 F.2d 52. The proceedings for such discipline need not comply with all the formalities of process or other trial procedure. The informality by which action is taken, the charges made, or notice is given to the attorney charged with misconduct, will not invalidate the proceedings. It is sufficient if the attorney has notice of the charges against him and an opportunity to prepare and present his defence. Ex parte Wall, supra, 107 U.S. at 271, 2 S.Ct. 569, 27 L.Ed. 552; Randall v. Brigham, 1868, 7 Wall. 523, 539, 19 L.Ed. 285; United States v. Parks, C.C.Col. 1899, 93 F. 414; cf. Conley v. United States,

supra, 59 F.2d at 935; United States v. Hicks, 9 Cir., 1930, 37 F.2d 289, 292.

■ In the instant case, the proceedings were instituted on information uncovered during the proceedings at Mayaguez, and the district judge quite properly on his own motion directed that an independent investigation be made of the conduct of the appellant. Cf. Randall v. Brigham, supra, 7 Wall., at 540, 19 L.Ed. 285. Mr. de la Haba conducted an investigation on the basis of the testimoony developed at Mayaguez. His report set out definite charges with which the appellant was completely familiar. The proceedings at Mayaguez were relevant only as the starting point for the investigation into the appellant's conduct. No use at the disbarment proceedings was made of the testimony there taken, and the judge over the objection of the appellant's counsel rigidly excluded all reference to those proceedings. The proceedings on the order to show cause why the appellant should not be disbarred were conducted de novo on the informal charges made in the report of Mr. de la Haba and served on the appellant. The proceedings at Mayaguez and the acts of Mr. de la Haba prior to his report are similar to the actions of a grand jury or investigating committee. The appellant was not entitled free of charge to the transcript of the Mayaguez hearings. Cf. In re Disbarment Proceedings, 1936, 321 Pa. 81, 184 A. 59; In re Edwards, 1927, 44 Idaho 163, 255 P. 906.

The appellant was present at the Mayaguez hearings, cross-examined the witnesses against him, and introduced oral and documentary evidence in his own behalf. He had full knowledge of the proceedings and evidence there produced, and the court was not in error in refusing to order that a copy of the transcript be furnished him. Cf. In re Ulmer, 1929, 268 Mass. 373, 167 N.E. 749. It is our opinion that the appellant had sufficient knowledge of the charges against him and had ample opportunity to prepare his defence. The evidence against him was entirely documentary. He was conscious of its existence and was given an opportunity to explain it. He cannot complain that he was denied a proper presentment of the charges against him or sufficient opportunity to defend.

■ In proceedings for the disbarment or discipline of attorneys, the re-

viewing court will upset the judgment of the lower court only on a showing of abuse of discretion or great irregularity. Ex parte Burr, 1824, 9 Wheat. 529, 6 L.Ed. 152. We can find none such here. There was ample evidence to sustain the disciplining of the appellant. His contracts with employees provided for "donations" to the Union, an unethical practice savoring of payment for solicitation of cases. Cf. In re O'Neill, D.C.E.D.N.Y.1933, 5 F. Supp. 465. His letters to Mr. Schweizer suggesting that they do business together and split the profits as he, the appellant, might be an asset, and enclosing a blank bill for services in the Dweck matter which he proposed to split "50-50" with Mr. Schweizer, are unseemly practices which should be disciplined. Cf. People v. Jadrich, 1926, 320 Ill. 344, 151 N.E. 241. Nor can the intimations of personal friendship with a judge of the United States Circuit Court of Appeals which might prove an assistance in future litigation go unpunished. Such unwarranted reflections upon the integrity of those responsible for the proper administration of justice have frequently been considered grounds for disciplinary action. Cf. Duke v. Committee on Grievances of Supreme Court, 1936, 65 App. D.C. 284, 82 F.2d 890, certiorari denied, 1936, 298 U.S. 662, 56 S.Ct. 751, 80 L.Ed. 1387; In re Ades, D.C.D.Md.1934, 6 F. Supp. 467, 481.

█ The appellant made some effort to explain the letters as jokes or as having an entirely innocent meaning. We cannot hold that the district judge abused his discretion in not accepting such explanations. Such letters are to be interpreted according to their natural meaning and intimations, particularly to the recipient. It appears to us significant that none of the recipients was produced as a witness to explain his interpretation of the various letters. It may be that the appellant was merely unwise rather than intentionally unethical, but even so the standards of the profession must be maintained. It is our opinion that without considering any of the other evidence or charges the district judge was justified in suspending the appellant from practice for a period of one year.

█ While it is contended in the appellant's brief and was emphatically urged at the hearing in this court that Judge Cooper was unfair and biased in his conduct of the proceedings before him, a close examination of the record shows these charges to be without foundation. In investigating the professional conduct of the appellant he sought and obtained through the president of the Federal Bar Association the services of an impartial attorney. He stated that he believed in a case of this sort the widest latitude should be exercised in ruling on the admission of evidence offered by the appellant, and he exercised marked patience and restraint when making his rulings, in spite of the provocative and disrespectful attitude of the appellant's attorney. Moreover, at the close of the hearing, the latter stated to the court that he wished to have the record show that he requested the privilege of withdrawing the notice of an intention to offer an affidavit of prejudice "and to apologize for putting you to the entirely unmerited possibility of any reflection on your unfairness or your bias [sic], and to request that you overlook it as a matter of inadvertence". We believe that Judge Cooper's conduct of the proceedings was entirely proper.

█ The appellant's attorney in his brief in this court has made serious charges against Judge Cooper suggesting that he was engaged in a conspiracy to drive the appellant from the practice of law in Puerto Rico and was a party to attempts to do so. There was no offer of proof of such charges made during the proceedings nor did any of the evidence offered appear to be intended to show any such situation. If the charges were true, the appellant's attorney owed his client a duty to show them in order to disqualify Judge Cooper from sitting in the case. The above-quoted statement of the appellant's attorney tends to show that the charges are without foundation, and the making of such unsupported charges is unjustified. Cf. Bradley v. Fisher, 1871, 13 Wall. 335, 355, 20 L.Ed. 646; Duke v. Committee on Grievances of Supreme Court, supra; In re Ades, supra.

The order of the District Court is affirmed.