In the Matter of MARY F. DALEY, Petitioner, against BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Queens County, March 28, 1946.

*John F. X. Browne* for petitioner.

*John J. Bennett, Corporation Counsel* (*Harry Hollander* of counsel), for defendants.

DALY, J. This is a proceeding under article 78 of the Civil Practice Act by the petitioner, the widow of Frank E. Daley, who was a member of the New York City Employees' Retirement System at his death on May 27, 1938, to vacate and annul

the determination of the Board of Estimate, embodied in a resolution dated August 23, 1945, which denied her an accidental death benefit and awarded her an ordinary death benefit and to direct said board to grant her such accidental death benefit together with the benefits and emoluments pertaining thereto, and to award her all the damage which she has sustained as the result of the claimed illegal, erroneous and improper determination of said board.

The petitioner claims that her husband died as the result of coronary thrombosis, which was induced by an accident which occurred during the last week of December, 1937, when he, in the course of his employment as a tractor and grader operator in the office of the Queens Borough President, sustained a heart injury due to the unusual effort and strain to which he was subjected in attempting to crank a grader which had been exposed to the elements for a long period of time.

This case comes before the court for the second time. By its resolution dated March 9, 1939, the Board of Estimate denied petitioner's application for an accidental death benefit, but awarded her an ordinary benefit. By a proceeding instituted under article 78 of the Civil Practice Act the petitioner sought to have the said resolution vacated and to have an adjudication made that she was entitled to an accidental death benefit. Special Term denied her application, but upon appeal the Appellate Division reversed the order on the law, annulled the resolution dated March 9, 1939, and remitted the matter to the Board of Estimate to proceed in accordance with its opinion (*Matter of Daley* v. *Bd. of Estimate of City of N. Y.,* 267 App. Div. 592).

It will suffice to state for the present that the petitioner claims here that the procedure followed by the Board of Estimate, when the matter was remitted to it by the order of the Appellate Division, differed in no substantial manner from the procedure condemned by that court. A careful reading of the opinion rendered by the Appellate Division indicates clearly that that court did not pass (p. 602) '' upon the sufficiency or quality of the evidence which was submitted by the petitioner to prove her claim '', nor did it define (p. 601) '' the nature or source of the information upon which the Board of Estimate may act, or the *procedure* which it should adopt in order to give the petitioner a fair opportunity to establish her claim and to create a record which may be presented for judicial review.'' (Emphasis supplied.) It found that the procedure which resulted in the resolution of March 9, 1939 (p. 602),

" was arbitrary and contrary to law and calculated to deprive the petitioner of her right to have the Board of Estimate determine the merits of her claim ", principally because the report of the Bureau of Retirement and Pensions contained inaccuracies which rendered patently false the allegation of the respondents' defense that said bureau (p. 597) " submitted a report to the Board of Estimate of all the facts with reference to the application."

The court pointed out that the report of the bureau and the reports of the Medical Board, upon which it rested (p. 597) " did not disclose to the Board of Estimate the evidence upon which the Medical Board had reached its conclusion that Daley had died of natural causes. The Board of Estimate was not advised, as is now revealed by the respondents' answer, that the Medical Board had relied in part upon the unsworn negative hearsay testimony of two of Daley's ' fellow workers.' The Board of Estimate, therefore, cannot be said to have passed upon the value of such testimony. So far as the record shows, none of the sworn statements which had been submitted by the petitioner in support of her claim was placed before the Board of Estimate. Nor did the report of the Bureau of Retirement and Pensions attempt to relate the substance of these statements. We are compelled to conclude, therefore, that the petitioner is correct in her contention that her claim was actually determined by the Medical Board, rather than by the Board of Estimate."

The court construed section B3-33.0 of the Administrative Code of the City of New York to clearly impose (p. 601) " upon the claimant the burden of submitting proof of those facts " (that the death of a member of the retirement system was the natural and proximate result of an accident sustained while a member in the performance of duty at some definite time and place, and not as the result of willful negligence) " and just as clearly places upon the Board of Estimate the responsibility for determining, *after a hearing,* whether those facts have been established." (Emphasis supplied.)

It is the petitioner's position upon this application, as stated on page 6 of her brief, that the board's determination of August 23, 1945, must be annulled because it " failed to grant a *hearing* as directed by the Appellate Division ", and " a fair opportunity to support her claim "; that this court should, upon the present record, adjudicate that she is entitled to accidental death benefits and should this not be done, a jury trial should be directed in this court " of any issues that may exist; " and

if this court concludes that it cannot grant the accidental death benefits here in question or direct a trial by jury in any event " the matter should be remitted to the Board with specific instructions as to procedure to be followed in the conduct of the hearing ordered by the Appellate Division."

Neither the Appellate Division upon the prior appeal herein nor the Court of Appeals in *Matter of Newbrand* v. *City of Yonkers* (285 N. Y. 164), cited in the opinion of the Appellate Division, defined the procedure which was to be followed or the type of hearing required upon the remission of the matter to the body having the duty of making the determination. In the *Newbrand* case (*supra*), which involved a local law of the City of Yonkers similar to the section of the Administrative Code of the City of New York above cited, the late Chief Judge LEHMAN.said at page 177: " The statute also omits any express provision defining the manner in which the Board must proceed in order to obtain the information or proof which will enable it to determine whether such fact has been established. But the nature of the right to a pension conferred by the law, under the specified circumstances, indicates unequivocally that the claimant must have fair opportunity to present both proof and argument to sustain the claim. We need not now define the nature or source of the information or proof upon which the Board of Trustees may act nor the procedure which the Board should adopt in order to give the claimant fair opportunity to establish the claim. *It is sufficient now to decide that each claimant must be accorded a fair hearing and consideration of the claim and that, when a determination of the Board is challenged, a record must be presented which will enable the court to review the determination."* (Emphasis supplied.)

This court, after a careful consideration of the record before it, does not feel that the petitioner herein has been accorded the hearing and consideration of the claim contemplated by the Appellate Division in its order of remission, or by the language of the opinion of the Court of Appeals in the *Newbrand* case (*supra*). We have here a closely contested issue of *fact* as to whether the petitioner's husband, while in the performance of duty, did or did not on a day during the last week of December, 1937, have an accident or accidents which induced the thrombosis from which he subsequently died; yet none of the decedent's fellow employees was permitted to testify, as demanded by petitioner, in her presence or that of her counsel, under oath, with the opportunity to cross-examine and to pro-

duce personally medical and other witnesses in support of petitioner's claim and to testify on her own behalf. The decedent's fellow employees, without notice to the petitioner or her counsel of the time and place of their examination, testified before a clerk of the Medical Board. Leading questions by the clerk were asked, for example: " Before his death, Mr. Daley claimed that while cranking the grader on December 26th or 27th 1937 in the Sunrise Corporation Yard, he felt a sharp pain in his chest which caused him to go to the ground for about five minutes, and after raising himself he fell across the hood of his grader until the pain subsided. Did you see him fall to the ground or lying across the grader? A. No sir.'' (Exhibit 33. See, also, almost identical question in Exhibit 32.)

The clerk before whom the testimony was taken made a report to the secretary of the bureau, sworn to April 9, 1945, (Exhibit 38) which is nothing more than an outline of the file or dossier of petitioner's claim. Although he conducted the examination of the decedent's fellow employees, and he alone saw them and heard their testimony, he made no findings thereon. His report merely transmitted their testimony to the Bureau of Retirement and Pensions.

When the matter appeared before the Board of Estimate on August 23, 1945, counsel for the petitioner filed a brief and argued orally that upon the ex parte proof before the board it was not possible for it to weigh the evidence and evaluate it without hearing and seeing the witnesses. The President of the Borough of the Bronx moved for a hearing before the board, with the right to the petitioner's counsel to cross-examine the witnesses and to adduce such evidence as he may have available. This was defeated by a vote of thirteen to three. Since at no time during the investigation of the claim by the Medical Board and the Bureau of Retirement and Pensions was the petitioner afforded an opportunity to confront or cross-examine witnesses who were allowed to be sworn against her and to produce her own witnesses, or to testify in her own behalf, this court is of the opinion that the defeat of the motion made by the President of the Borough of the Bronx, deprived the petitioner of her right to " a fair hearing and consideration of the claim " (*Matter of Newbrand* v. *City of Yonkers, supra,* p. 177).

" ' Due process of law,' is not confined to judicial proceedings, but extends to every case which may deprive a citizen of life, liberty, or property, whether the proceeding be judicial, administrative, or executive in its nature. (*Weimer* v. *Bunbury*,

30 Mich., 201.) This great guaranty is always and everywhere present to protect the citizen against arbitrary interference with these sacred rights." (*Stuart* v. *Palmer*, 74 N. Y. 183, 190–191.)

It is true that neither the section of the Administrative Code here involved, nor any decision construing it, defines the procedure to be followed in determining a claim of this character or the type of hearing to which a claimant is entitled, and the term " hearing " has been defined in various ways, depending upon particular conditions and particular statutes (*Matter of Merritt* v. *Swope*, 267 App. Div. 519). Here, however, the board was presented with a sharply contested issue concerning an essential fact upon which the final determination was to turn, with a background of an award in .petitioner's favor by the State Industrial Board predicated upon a finding of accidental death and a report by a heart specialist to whom the city had sent the decedent for examination in April, 1938. Upon an issue of such a character it would appear that the only fair and efficacious way of ascertaining the truth is by means of a hearing wherein witnesses could be confronted and orally examined and cross-examined. (Cf. *In Re Securities and Exchange Commission*, 84 F. 2d 316, 318; *Bowles* v. *Baer*, 142 F. 2d 787, 789.) Without such a hearing, under the circumstances here involved, it cannot be said that a record has been presented to the court upon which it could review the determination made by the Board of Estimate.

The determination of the Board of Estimate of the City of New York, dated August 23, 1945, is, accordingly, vacated and annulled, with $50 costs, and the proceeding remitted to the said board to proceed in accordance with the foregoing views.

Settle order on notice.