(No. 29065.—

*In re* V. RUSSELL DONAGHY, Attorney.

*Opinion filed May 21, 1946.*

CHARLES LEVITON, of Chicago, *amicus curiae.*

VOGEL & BUNGE, and DAVID A. SCHALLMAN, both of Chicago, for respondent.

Mr. JUSTICE STONE delivered the opinion of the court:

On complaints against the conduct of respondent, the Committee on Grievances of the Chicago Bar Association, acting as commissioners, has recommended his suspension for a period of three years. Several grounds of complaint were filed but the recommendation of the commissioners is based upon two charges of what is commonly known as "ambulance chasing." One had to do with the procurement of the case of Effie Eveland through the assistance of the Swedish Covenant Hospital, and the other charged the employment of one Albert L. McAfee as a "runner" or "ambulance chaser."

Much testimony was taken. There is much confusion in the record. The parties have treated the first two volumes of the record as in lieu of a completed abstract, with the result that the work of this court has been greatly increased and the record badly confused.

Concerning the case of Effie Eveland, the complaint charges that on the occasion of her being injured and taken to the Swedish Covenant Hospital, she, through her employer, selected an attorney to handle legal matters per-

taining to her case. After a few days her employer and this attorney were denied permission to see her. Thereafter an employee of the hospital told her that she should employ respondent and if she refused to do so she would have to leave the hospital. It is charged that this was also communicated to Effie Eveland's father, who employed respondent to avoid having his daughter moved.

The other basis for the commissioners' recommendation is the charge that respondent employed Albert L. McAfee as solicitor of business or "ambulance chaser" and that as result of that employment McAfee secured various cases for respondent. This charge rests almost entirely on the evidence of McAfee.

Respondent has filed objections to the report and recommendation of the commissioners and urges that Rule 59 of this court, under which the hearings were had, constitutes an illegal delegation of judicial power and that respondent was denied due process of law by reason of the denial of certain petitions for the issuance of writs of *dedimus potestatem* to take evidence. He also contends that the findings and recommendations of the commissioners are not supported by the evidence.

Respondent, in support of his contention that Rule 59 authorized an illegal delegation of judicial power, argues that the proceedings were carried on before a subcommittee appointed by officers of the Chicago Bar Association without order or direction of this court. This contention was urged in *In re McCallum*, 391 Ill. 400, where it is pointed out that the recommendations are purely advisory, that the court acts only after an examination of the evidence in the case, and that where no answer is made by the respondent the supporting evidence is examined before action is taken. It was held in the *McCallum case* that Rule 59 does not violate the constitution or laws regarding the delegation of judicial power.

Respondent also argues that the commissioners deprived him of a full hearing by passing upon the admissibility of evidence and deciding motions to strike and dismiss, and upon the right of respondent to produce essential evidence. His specific complaint arises out of the refusal of the commissioners to issue, upon his petitions, certain writs of *dedimus potestatem* to take the testimony of certain witnesses in the State of Ohio concerning the reputation of Albert L. McAfee, the principal witness against him, for truth and veracity.

The charge in the second complaint against respondent, hereinbefore referred to, was that McAfee had been engaged by him to solicit business, and respondent insists that substantially the only witness appearing against him to support this charge was McAfee, whose home is in Toledo, Ohio, and whose evidence was taken on the complaint by deposition. Respondent argues that therefore the question of McAfee's credibility was one of controlling importance and that he endeavored twice to procure consent of the committee to have the depositions of witnesses taken by *dedimus potestatem* to be issued by the clerk of this court; that he gave the names of witnesses and the purpose for which he wanted them called, which was to establish the bad reputation for truth and veracity of McAfee, and that each of these applications was denied.

The committee authorized to take testimony and report to this court evidence of misconduct on the part of lawyers, and to make recommendations as to their discipline, acts only in an advisory capacity, and that committee is not authorized to and must not deprive the respondent of any rights by reason of rulings on the receiving or rejecting of testimony.

Without going into the testimony in this record, the denial to respondent of the right to take depositions of named witnesses in Toledo, Ohio, who were alleged to have known the complaining witness McAfee for many

years, and who, it was asserted in the petition, would testify that his reputation for truth and veracity was bad, and that they would not believe him under oath, was an erroneous denial of respondent's right to present testimony. There was direct evidence that McAfee sought to induce others to join him in bringing pressure upon respondent to make payments of money to him rather than have charges preferred against him, and evidence of threats made against respondent.

The charge of misconduct in a disbarment proceeding is similar to an indictment in that the accused is presumed to be innocent of the charge until he is proved guilty, and he is entitled to have the opportunity to present to the committee, to whom the matter is referred, any and all competent evidence which he believes will assist him in the matter of his defense.

The committee erred in denying respondent the opportunity to present the depositions of these witnesses. In view of this condition of the record and in view of the fact that the commissioners have based their recommendations on both the McAfee and the Effie Eveland cases, no further discussion of the testimony will be entered into at this time, but the cause will be re-referred to the commissioners to reopen the hearing for the purpose of permitting respondent to procure the depositions of the witnesses he has sought to produce and to hear such further evidence as to the commissioners shall seem proper, and, upon the consideration of the whole record, to make a supplemental report with recommendations. The order of submission is set aside, the record to remain on file in this court unless withdrawn under Rule 54.

*Order of submission set aside;*
*Cause re-referred.*