**PHIPPS v. WILSON.**

No. 10248.

United States Court of Appeals Seventh Circuit.

Jan. 25, 1951.

Rehearing Denied Feb. 23, 1951.

H. M. Phipps, Chicago, Ill., for appellant.

Ivan A. Elliott, Atty. Gen., William C. Wines, Asst. Atty. Gen., for appellee.

Before DUFFY, FINNEGAN and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

On March 10, 1950, plaintiff, appearing *pro se,* filed the complaint herein in the District Court of the United States for the Northern District of Illinois. The defendants named are the seven justices of the Supreme Court of Illinois, as well as the Supreme Court of Illinois itself. A motion to strike the complaint was granted, with leave to amend. On June 5, 1950, plaintiff filed what he designated as "Amended Substituted Complaint," to which the original complaint was attached as Exhibit B. Thereafter the individual defendants moved to strike the amended complaint and to dismiss the cause. This appeal is from the judgment of dismissal of the district court on said motion.[1]

The allegations of the original complaint and of the amended complaint are lengthy, involved and discursive, the two pleadings occupying 36 pages of the printed record herein. Many of the charges set forth would seem to have no connection with the claimed basis for the suit, unless perhaps to impugn the motives of all persons who were in any way connected with charging the plaintiff with malconduct and with investigating such charges. However, from the welter of plaintiff's charges and allegations we can sift out the following: Plaintiff has been a citizen of the United States for more than seventy years and a resident of the State of Illinois for over fifty years. On April 6, 1899, the Supreme Court of Illinois issued to plaintiff a license to practice law in the State of Illinois, and for some unstated period prior to 1943 he maintained a law office in the city of Chicago. On May 12, 1943, the Supreme Court of Illinois disbarred the plaintiff by

1. The district court likewise sustained the motion that the Supreme Court of Illinois was not suable.

ordering that his name be stricken from the roll of attorneys admitted to practice law.[2]

Plaintiff alleges that he was disbarred "without record, court protection or opinion," and contrary to the Constitution and laws of the State of Illinois, and that he was deprived of his rights under the Constitution of the United States.

Among the many allegations and charges made by the plaintiff are the following specific complaints: that the Illinois Supreme Court unlawfully delegated to the committees of the Chicago Bar Association judicial power to investigate the complaints against him; that the Illinois Supreme Court failed to render an opinion in writing as required by Chapter 37, § 21, Ill.Rev. Stat.; that the statutory procedure for striking an attorney's name from the roll was not followed; that no consideration was given by the Supreme Court or by the Chicago Bar Association to complaints which plaintiff made and filed against five attorneys; that years subsequent to the order of disbarment the defendants refused to permit the clerk of the Supreme Court to file a pleading tendered by the plaintiff.

We have encountered considerable difficulty in ascertaining just what relief plaintiff is seeking from the federal courts in this action. Upon oral argument before this court plaintiff conceded that neither this court nor the district court had the power to order the Illinois Supreme Court to reinstate his name upon the attorney roll. In his amended complaint plaintiff prays "for the protection of his Constitutional Rights guaranteed him by the Constitution of the United States." In another part of the complaint he refers to the Fourteenth Amendment to the U. S. Constitution. He further states, "May It Please the Court to grant unto your petitioner relief, for the reasons set forth, di-

rected to the respondents, that they correct the order of May 12, 1943, by vacating the order of disbarment for the reason that it was procedure prohibited by the statutory laws of Illinois, and thereby violated the petitioner's state rights and Constitutional guarantees; your petitioner represents to this court, that, should any meritorious cause exist for which he may be chargeable, the statutory procedure for inquiry therein, when filed, will not be met by dilatory procedure, where consideration is likewise given to complaints he shall offer (except the facts of the allegations involved in this pleading), in event this court feels so inclined to so suggest or order."

Plaintiff further asks that "the Supreme Court of Illinois receive any just or meritorious censure" because of its attack upon him; also that defendants "be specifically required, in their answer, to provide your petitioner with the names and dates of appointment of all parties who participated in any investigation affecting your petitioner.[3]

Plaintiff, in Paragraph 39 and elsewhere in the amended complaint, alleges that disbarment proceedings, being penal, require a strict construction by the courts. He alleges that the statutory procedure as to disbarments was not strictly followed in his case, and that the pleading (complaint against him) should be verified "in accordance with the rules of best evidence required under the State Law of Illinois."

A disbarment proceeding in Illinois is not a criminal case with its formalities of pleading. In re Hamilton, 388 Ill. 589, 58 N.E.2d 449. It is not a criminal prosecution, and is not subject to the rules of criminal law. In re Carr, 377 Ill. 140, 36 N.E.2d 243; In re Malmin, 364 Ill. 164, 4 N.E.2d 111. Such proceedings are not governed by common law rules of pleading. In re Needham, 364 Ill. 65, 4 N.E.2d 19. To constitute a cause for disbarment or

2. Ch. 13, Smith-Hurd Ill.Anno.Stat. § 5, provides that the clerk of the Illinois Supreme Court shall keep a roll containing the names of all attorneys licensed and admitted to practice law in Illinois, and Sec. 6 provides that no person whose name is not on the roll shall practice as an attorney in Illinois, and that justices

of the Supreme Court in open court shall have the power at their discretion to strike the name of any attorney or counsellor at law from said roll for malconduct in his office.

3. In both the complaint and amended complaint plaintiff refers to himself as petitioner and to defendants as respondents.

discipline the conduct of an attorney need not necessarily amount to a crime or a misdemeanor. In re Alschuler, 388 Ill. 492, 58 N.E.2d 563. A disbarment proceeding does not come within the Illinois Civil Practice Act. People ex rel. Chicago Bar Ass'n v. Goodman, 366 Ill. 346, 8 N.E.2d 941, 111 A.L.R. 1.

The Illinois Supreme Court has likewise passed upon other contentions raised herein by the plaintiff. It has held that the procedure under Chapter 110, § 259.59, Rule 59, is not an unconstitutional delegation of judicial power. In re Donaghy, 393 Ill. 621, 66 N.E.2d 856. It has also held that this section gives the commissioners a wide discretion as to procedure to be followed in disbarment cases. In re Lenox, 371 Ill. 505, 21 N.E.2d 721.

Construing the amended complaint most favorably to the pleader as an attempt to state a claim upon which relief can be granted by a federal court, it may be said that plaintiff claims to be aggrieved by his disbarment by the Illinois Supreme Court, and by the procedure and manner by which it was accomplished, and that the State of Illinois, through its Supreme Court, has taken his property from him without due process of law, contrary to the provisions of the Fourteenth Amendment, U. S. Constitution; and plaintiff demands that the federal courts do something to remedy the situation in which he finds himself.

An attorney is an officer of the court before which he has been admitted to practice. The power to discipline or disbar such officer for unprofessional conduct is inherent in the court, and exists independent of statute. People ex rel. Ludens v. Harris, 273 Ill. 413, 112 N.E. 978; In re Roth, 398 Ill. 131, 75 N.E.2d 278.

As to disbarment, due process requires only that an attorney have reasonable notice of the charges against him and a reasonable opportunity to be heard in his defense. Ex parte Wall, 107 U.S. 265, 271, 2 S.Ct. 569, 27 L.Ed. 552. The form of notice and the form and manner of hearing are left to the sound discretion of the court. Montgomery Co. Bar Ass'n v. Rinalducci, 329 Pa. 296, 197 A. 924.

In his amended complaint plaintiff asks that the "respondents (be required to) order their clerk to provide petitioner with a copy of the complaint charging malconduct in office * * * and fix a reasonable time in which * * * petitioner may be heard in defense." However, in neither the complaint nor the amended complaint is it alleged that plaintiff did not know of the nature of the charges against him or that he did not have a reasonable opportunity to present his defense.

We think the complaint and amended complaint disclose affirmatively that plaintiff was notified and informed of the charges made against him. In his pleadings he alleges he made a verified response to the charges of the Chicago Bar Association. He quotes a portion of the charges made against him. He states that William R. T. Ewen, as chairman of the Committee on Inquiry of the Chicago Bar Association, referred the charges to the Committee on Grievances of such association. He alleges that he was notified that the Committee on Grievances desired to set a date for the hearing of said charges. Plaintiff describes in part the manner in which the Grievance Committee hearing was conducted and alleges that on July 28, 1942, a 63-page report of the Commissioners was served on him, which contained a recommendation for a two-year suspension, and also that on September 4, 1942, he received a 4-page supplemental report which contained a recommendation for disbarment. There is no allegation one way or another as to whether plaintiff filed exceptions to the reports.

The above quotations and references also show that not only did plaintiff have an opportunity to present a defense, but in fact did so.

Apparently plaintiff is now unwilling to make an application direct to the Supreme Court of Illinois for reinstatement of his license to practice law, for he states, "The usual procedure following disbarment, whether justified or not, is for the respondent to file application for reinstatement. This will never be done, since such

752

application is the admission of some offense involving moral turpitude."

The real basis for plaintiff's complaint seems to be that it was the Chicago Bar Association which investigated the charges against him and recommended disbarment. Plaintiff claims that the Bar Association's committees were prejudiced against him. A similar objection was made and overruled in In re McCallum, 391 Ill. 400, 64 N.E.2d 310, a disbarment proceeding. The court there pointed out that since 1933 committees of the Chicago Bar Association have acted as commissioners of the Illinois Supreme Court in disciplinary proceedings brought against attorneys at law in Chicago. See: Rule 59, Supreme Court Rules of Practice and Procedure, Ch. 110, Smith-Hurd Ill. Anno.Stat. § 259.59. The court emphasized that such commissioners are merely the court's agents for the purpose of gathering and reporting the evidence and that their recommendations are purely advisory. The court said 391 Ill. at page 418, 64 N.E.2d at page 317: "The recommendations made are purely advisory and this court acts only after an examination of the evidence in the case, except where no answer is made by respondent, and in these cases the charges and supporting evidence are examined before action is taken by this court."

It is significant that McCallum did not file a petition for certiorari, but sought access to the United States Supreme Court by direct appeal, attacking the constitutionality of Rule 59. However, the Supreme Court dismissed the appeal, holding that it did not raise any substantial federal question. McCallum v. Board of Managers and Grievance Committee of Chicago Bar Association, 326 U.S. 689, 66 S.Ct. 142, 90 L.Ed. 405.

 In considering whether the procedure herein before the Supreme Court of Illinois and the commissioners was a denial of due process, the applicable principles authoritatively stated in Bute v. Illinois, 333 U.S. 640, 659, 68 S.Ct. 763, 773, 92 L.Ed. 986, are: "* * * So here the procedure followed by Illinois should not be held to violate the standard of permissible process of law broadly recognized by the Fourteenth Amendment unless the Illinois procedure violates 'the very essence of a scheme of ordered liberty' and its continuance would 'violate a "principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." ' * * *"

As the amended complaint shows that plaintiff was apprized of the charges filed against him, and that he had a reasonable opportunity to defend thereagainst, the procedure complained against did not violate a scheme of ordered liberty or a deep rooted principle of justice. In other words, we find that plaintiff was not denied federal due process of law.

Neither the propriety of the designation by the Supreme Court of Illinois of committees of the Chicago Bar Association to act as commissioners in disciplinary proceedings, nor the claim that such committees were prejudiced against the plaintiff herein raises a substantial federal question.

The judgment of dismissal was proper, and is

Affirmed.