## In re COLLINS.
### No. 14581.

United States Court of Appeals
Fifth Circuit.
Feb. 9, 1954.

John O. Collins, Ancon, Canal Zone, for appellant.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

PER CURIAM.

This appeal is from a disciplinary order entered in the United States District Court of the Canal Zone in a proceeding instituted by and based upon matters occurring in the presence and within the knowledge of the court, in cause No. 3708–Civil, In the Matter of the Suspension or Disbarment of John O. Collins, a Member of the Canal Zone Bar.

Finding and adjudicating that the said Collins had "failed to maintain the respect due to the Courts of justice and judicial officers required under Title 4, Section 47, Sub-section 2, of the Canal Zone Code,[1] and that he has used offensive and insulting language to the Court in open Court and in Chambers in the presence of the Court", the order, reciting that it is "made in spite of his failure to show any acts in mitigation and failure to apologize, having in consideration his extreme age and long membership of this bar", suspended the respondent "as such attorney and counsellor from the practice of law in the Canal Zone and all the Courts thereof for a period of two years".

The respondent, who appears here by brief, did not deny below, he does not deny here, that in the chambers and presence of, indeed directed to and at, the judge, he acted intemperately and illadvisedly, and used the offensive and insulting language and epithets as found by the judge. He insists, though, that he did not use the words attributed to him in the court room, and that the circumstances, under which the words uttered in chambers were uttered, at once provoked and mitigated their utterance.

His real contentions, however, are: (1) that, while what he did was in law and in fact contemptuous and would have supported a contempt order, it was not grounds, within the Canal Zone Code, for disbarment or suspension; and (2) that the judge was disqualified by bias from hearing and acting in the matter and should, upon Collins' affidavit of disqualifications, have recused himself.

A careful examination of the Codal provisions,[2] under which the proceeding was brought and maintained, and of the many decisions,[3] dealing with proceedings of this kind and controlling here, leaves us in no doubt, in the light of the undisputed facts that the district judge was authorized, under the Canal Zone Code, to proceed, and ought to have proceeded, as he did;[4] that nothing in the affidavit filed by Collins showed, or tended to show, that the district judge was in law or in fact disqualified; that in fact and in law he was not disqualified; and that the order appealed from should be affirmed.

In view, however, of the fact that in concluding his brief, the appellant stated: "Collins begs pardon from Judge Crowe (regardless of the outcome of this appeal) for the obnoxious terms used in anger by him in the office of the Judge on the afternoon of March 5, 1953"; and of the further fact that the order was not punitive but disciplinary, our mandate will provide that "the affirmance of the order is without prejudice to, and in no manner impairs the full and

1. Cf. Canal Zone Code, Title 4, Sec. 52.

2. Canal Zone Code, Title 4, §§ 54–63, Disbarment proceedings.

3. Jeffries v. Laurie, C.C., 27 F. 195; U. S. ex rel. Hallet v. Green, 8 Cir., 85 F. 857; U. S. v. Parks, 8 Cir., 93 F. 414; Cobb v. U. S., 9 Cir., 172 F. 641; Duke v. Committee on Grievances, 65 App.D.C. 284, 82 F.2d 890; In re Claiborne, 1 Cir., 119 F.2d 647; In re Chopak, 2 Cir., 160 F.2d 886; Phipps v. Wilson, 7 Cir., 186 F.2d 748; In re Edwards, 44 Idaho 163, 255 P. 906; In re Disbarment Proceedings, 321 Pa. 81, 184 A. 59; Disbarment Proceedings; Canal Zone Code, Title 4, §§ 52–63; Contempt Proceedings, Canal Zone Code, Title 4, §§ 1161 & 1164–73.

4. Canal Zone Code, Title 4, § 53.

continuing right of the district judge, if at any time, upon sufficient and satisfactory apology and amends being made, he desires to do so, to modify or mitigate the order, or to revoke it or set it aside."