In re WALLER W. GRAVES.—146 S. W. (2d) 555.

Court en Banc, January 4, 1941.

50

■■■■■■■■■■■■■■■■■■■■■■■■

LEEDY, C. J.—This matter is an outgrowth of a certain proceeding by *quo warranto* to oust Graves (hereinafter referred to as respondent) from office as Prosecuting Attorney of Jackson County, lately pending in this court, and reported as State ex inf. McKittrick, Atty Gen., v. Graves, Pros. Atty., 346 Mo. 990, 144 S. W. (2d) 91.

It arises in this way: Three members of the Advisory Committee created under our rule #36 disqualified themselves for cause from participating in an investigation touching respondent's professional conduct, on the charges embraced in the *quo warranto* proceeding, which was about to be launched, thus leaving the committee without a *quorum*. However, the General Chairman had filed and there was pending at the time of the overruling of the motion for rehearing in the ouster suit, an application for the appointment and approval of three substitute members. Thereafter, respondent in open court requested that, if, upon the record in said *quo warranto* proceeding, any disciplinary action against him in his professional capacity were contemplated, he be permitted to waive the issuance of citation, and enter his appearance, and that the matter of his amenability to disciplinary action be submitted on the record in said *quo wraranto* proceeding. The court, entertaining no doubt as to its right, on its own motion, to act to bring into exercise its disciplinary powers by citation (where, as here, its own records, which it may judicially notice, disclose professional misconduct meriting disciplinary action) permitted the course of action requested by respondent. This resulted in the pronouncement, on December 9, last, of an oral reprimand and the entry of a like order and judgment, with the notation that an opinion would follow.

As this action was taken upon the record in the ouster suit, with an additional fact, by way of inquiry to the General Chairman of Bar Committees, presently to be noticed, it would serve no useful purpose to burden this opinion by restating the facts here, but refer the reader to our opinion in the ouster suit. There it will be found that in addition to the judgment of ouster, there was assessed against respondent a fine of $1,000.00, together with the costs of the suit, aggregating a sum in excess of $5,500.00. Inquiry directed to the General Chairman of Bar Committees disclosed that no complaint of professional misconduct of any kind or character against respondent has been received, or even suggested, other than that necessarily involved in the charges constituting the basis of the ouster suit. Those charges were: ''(1) failure to enforce the laws against gambling, prostitution and illegal sale of intoxicating liquor; (2) the wilful and corrupt entering of *nolle prosequi* in certain criminal cases in which, according to the relator, there was ample evidence to warrant further prosecution; and (3) failure to prosecute persons guilty of violation of election laws.'' It was upon the first and third of these charges that the judgment of ouster was ordered. As to the second charge, that of willfully and corruptly dismissing certain criminal cases, it should be noted that our special commissioner, who recommended ouster on other grounds, made these specific findings: ''We find nothing in the record here to support any inference of corruption in the dismissal of any of the cases above referred to. . . . In the absence of any showing of corruption in connection with these dismissals, and viewing the same on the cold record before us, we do not believe that the respondent could be held guilty of neglect within the meaning of the statute on account of the dismissals referred to.'' In our opinion we agreed with our commissioner, saying: ''The commissioner has found no facts tending to sustain the charge in the information that respondent was guilty of corrupt practice in dismissing criminal proceedings pending in the courts of his county. . . . The commissioner found that in no case is the existence of any corrupt motive on the part of respondent in connection with these dismissals shown. Hence they lay within his discretion under the power of *nolle prosequi* which the law vests in the prosecuting officer in the absence of a statute on the subject.''

In this connection we consider the fact there was no other complaint or charge made touching the prosecution of major crime generally, such as murder, arson, robbery, rape, etc.

It should be stated that it is not contended respondent either intended to, or did, in fact, make any financial profit or gain, directly or indirectly, by reason of the policy he followed with reference to the enforcement of the laws, which resulted in ouster. On the contrary, it is conceded that nothing of that kind is in anywise involved in the case.

■ It should be remembered that disciplinary proceedings are "not for the purpose of punishment, but for the purpose of preserving the courts of justice from the official ministration of persons unfit to practice in them." [Ex parte Wall, 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552; In re Conrad, 340 Mo. 582, 105 S. W. (2d) 1; In re Sparrow, 338 Mo. 203, 90 S. W. (2d) 401; In re Burns, 55 Idaho, 190, 40 Pac. (2d) 105.] ■ While the ouster proceeding and the one at bar are separate and distinct, nevertheless they are linked in the sense that the matters and things done in his official capacity as prosecuting attorney, and complained of in the *quo warranto* proceedings, were at the same time done in his capacity as a lawyer. It is, therefore not improper, in determining the instant proceeding, to consider the disposition, heretofore recited, of the ouster suit. We consider, also, the likelihood of respondent's good conduct in the future as a member of the bar, and his willingness and disposition, after an adverse decision in his hotly contested ouster, to submit himself to whatever disciplinary action the court might deem proper on that record, thus obviating the necessity for, and expense of, further prolonged hearings.

■ In the situation above outlined, we do not believe the record justifies disbarment, but for his derelictions as prosecuting attorney, in which he necessarily acted also in his capacity as a lawyer, all as shown by the record and found in our previous opinion, to which, in all things, we adhere, respondent should be, and is hereby reprimanded. All concur, except *Hays, J.,* not sitting.