STATE. OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, v. EDWARD F. FEEHAN, RESPONDENT.

71 N. W. 2d 518

Filed July 15, 1955.    No. 33747.

*Clarence S. Beck,* Attorney General, and *Robert A. Nelson,* for relator.

*Louis Lightner* and *George B. Boland,* for respondent.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an original disciplinary action initiated in this court against respondent, Edward F. Feehan, by the relator, Nebraska State Bar Association, through its Committee on Inquiry for the Sixth Judicial District. The charges in the complaint arise out of the respondent's conduct in handling the affairs of the estate of Edward J. Patterson, deceased. Respondent filed an answer to this complaint. Thereupon the relator asked that a referee be appointed to take the evidence and make a report and recommendation to the court. This request was granted and Daniel Stubbs of Alliance, Nebraska, was appointed. A hearing was had and, based on the evidence introduced thereat, the referee recommended that disciplinary action be taken against respondent. Respondent took no exceptions to this report. The cause is now here on relator's motion for judgment on the referee's report and for judgment of disbarment.

Respondent was admitted to the practice of law in this state on August 20, 1945. Immediately following his admission he associated himself in the active practice with Edward J. Patterson of Central City, Nebraska. Patterson had been actively practicing law in that city since about 1911. This association continued until Patterson died intestate on November 17, 1951. The heirs of the deceased employed respondent to handle all legal matters connected with administering the estate. John E. Patterson, a son of the deceased, was, on December 3, 1951, appointed special administrator of the estate by the county court of Merrick County. Thereafter, on December 17, 1951, John E. Patterson and a daughter of the deceased, Lillian Jean Saylor, were appointed administrators. Lillian Jean Saylor died on December 27, 1952. However, John E. Patterson continued to act as administrator of the estate until removed by the county court of Merrick County on July 13, 1953. Thereafter, on August 3, 1953, the county court of Merrick

County appointed Donald F. Sampson and Leo J. Armatys as administrators de bonis non of the Edward J. Patterson estate. The conduct complained of, and specifically set out in the complaint, relates to respondent's conduct in connection with this estate from the time of the appointment of John E. Patterson as special administrator on December 3, 1951, up to the time of his removal as administrator on July 13, 1953.

"In admitting a lawyer to the bar and granting him a license to practice law, it is with the understanding that he will faithfully discharge his duties, uphold and obey the Constitution and laws of the state, observe established standards and codes of professional ethics, maintain the respect due to courts of justice, and abstain from all offensive practices which cast reproach on courts and the profession of law." State ex rel. Nebraska State Bar Assn. v. Hungerford, 159 Neb. 468, 67 N. W. 2d 759.

Article X, part IV, Rules of the Supreme Court, provides:

"Rules of Professional Conduct.

"The ethical standards relating to the practice of law in this state shall be the canons of Professional Ethics of the American Bar Association, including the additions and amendments as of January 1, 1945, thereto, and those which may from time to time be approved by the Supreme Court."

In this respect canon No. 11, Canons of Professional Ethics, American Bar Association, provides: "Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him."

The complaint of the Committee on Inquiry for the Sixth Judicial District sets forth numerous specific violations of the foregoing canon. The evidence adduced at the hearing before the referee fully substantiates each

of the charges made. It would serve no useful purpose to enumerate the specific charges and the evidence offered in support thereof. A complete and accurate statement of the facts adduced and the conclusions to be drawn therefrom will be found in the referee's report. It will suffice here to state the record discloses a flagrant abuse of this canon by the respondent. The evidence adduced establishes that respondent completely lacks professional honesty and integrity.

After they were appointed the administrators de bonis non of the estate of Edward J. Patterson, deceased, Donald F. Sampson and Leo J. Armatys proceeded to straighten out the affairs of the estate to the best of their ability and, after much effort on their part, were, as of January 21, 1954, successful in obtaining from respondent an admission that he owed the estate $9,400.44 and were able to secure payment thereof.

However, as stated in State ex rel. Nebraska State Bar Assn. v. Hungerford, *supra*: "A restitution of funds wrongfully converted by a lawyer, after he is faced with legal accountability, is not an exoneration of his professional misconduct."

We think the recommendation of the referee that disciplinary action should be taken against respondent is, in view of the record before us, well taken. Considering respondent's conduct in connection with his handling of the affairs of this estate, which were entrusted to him, we think he is no longer a fit person to be further entrusted with such responsibility.

"A duty rests on the courts to maintain the integrity of the legal profession by disbarring attorneys who indulge in practices designed to bring the courts or the profession into disrepute, or to perpetrate a fraud on the courts, or to corrupt and defeat the administration of justice." State ex rel. Nebraska State Bar Assn. v. Niklaus, 149 Neb. 859, 3 N. W. 2d 145.

It is therefore ordered that the license of the respondent to practice the profession of law be and is revoked

and he is disbarred from the further practice of the profession of law in the State of Nebraska. Costs of this proceeding are taxed to respondent.

JUDGMENT OF DISBARMENT.