**Judith MORGAN, Appellant,**

v.

**Douglass P. NULL, Perry Lichtenstein, Lewis I. Sharp, A. Gabriel, Arthur Zitrin, Louis Hott and George Greene, Appellees.**

**No. 171, Docket 23808.**

United States Court of Appeals Second Circuit.

Submitted Nov. 17, 1955.

Decided Dec. 29, 1955.

Judith Morgan submitted a brief pro se.

John A. Murray, New York City, submitted a brief for Sharp, Greene, Zitrin and Hott.

Philip Watson, New York City, submitted a brief (James O. Moore, Jr., Solicitor Gen., Buffalo, N. Y., Samuel A. Hirshowitz, Asst. Atty. Gen., of counsel), Jacob K. Javits, Atty. Gen., of the State of New York, for appellee Douglass P. Null.

Before HAND, FRANK and MEDINA, Circuit Judges.

**412**

PER CURIAM:

We can find nothing in this record which raises a reviewable question, except the dismissal of the complaint as to the defendant, Null, at the close of the plaintiff's evidence; and that was strictly in accordance with our decision in Morgan v. Sylvester, 2 Cir., 220 F.2d 758. The judgment, dismissing the complaint as to the other defendants, was entered on a verdict, the plaintiff having demanded a jury. The evidence was such that the judge could not properly have directed a verdict for the plaintiff (who indeed did not move for such a direction), so that the verdict is conclusive except for any errors committed in the conduct of the trial. The hypothetical questions addressed by the plaintiff personally to physicians as experts were not properly framed and were rightly excluded; indeed, it is difficult. to see what relevance they could have had, except so far as they touched upon the issue of damages, which it never became necessary for the jury to assess, since it found that the defendants' were not liable. Be that as it may, after an attorney appeared for her and had had a day to prepare, he called her again to the stand and her examination, direct and cross, extends over fifty pages of the typed minutes. Thus he had opportunity to reframe the hypothetical questions if they were relevant at all, and he made no such attempt.

At the close of the charge to which no exceptions were taken, the plaintiff said: "I want to thank you very much for your charge, for your fairness, for your kindness"; and her attorney added: "I go further; not only a fair charge but a very fair trial." The grant of a motion for a new trial was in the discretion of the judge, and the order denying it is not appealable. It is therefore apparent, as we have said, that there is nothing in the record which we can review.

Judgment affirmed.