STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR
ASSOCIATION, PLAINTIFF, V. J. CEDRIC CONOVER,
DEFENDANT.

88 N. W. 2d 135

Filed February 21, 1958.   No. 34363.

*Clarence S. Beck,* Attorney General, and *Gerald S. Vitamvas,* for plaintiff.

*Townsend & Youmans,* for defendant.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Defendant became a member of the bar of Nebraska June 27, 1934, and has been licensed to practice law in the state since that date. He was during the period of January 7, 1937, to May 1, 1951, judge of the county court of Morrill County. It had a population of less than 16,000. He has been since March 6, 1954, county attorney of that county. This is an original proceeding in this court by the State of Nebraska on the relation of the Nebraska State Bar Association.

The complaint accuses the defendant of unlawful and unethical conduct in practicing law in the court of which he was judge; of influencing persons interested in matters pending in the court of which he was judge in reference to the selection of an attorney to represent and act for them therein; of failing to account for and pay to the county the costs received by him which had accrued in proceedings had in the court of which he was judge; and of receiving and retaining attorney's fees taxed as costs in tax foreclosure cases prosecuted by him as county attorney on behalf of the aforesaid county. The facts stated in the complaint are admitted by the answer of defendant. Plaintiff has applied for judgment on the pleadings. Its motion in this respect is well taken. A motion of plaintiff for judgment on the pleadings admits facts well pleaded or admitted in the answer in the cause. If statements contained in the pleadings legally entitle a litigant to a judgment in his favor, the court should accordingly render judgment in the cause. State ex rel. Nebraska State Bar Assn. v. Wiebusch, 153 Neb. 583, 45 N. W. 2d 583.

The record discloses that in the interval from June 1947 to May 10, 1950, defendant accepted employment as an attorney by persons interested in the estates of four deceased persons; that he performed services in accordance with his employment; and that he received and retained compensation therefor. The proceedings in which he acted were each in the court of which he was judge and are identified as follows: In the matter of the estate of Dorothy Peck Harkins, deceased; in the matter of the estate of Della Putman, deceased; in the matter of the estate of Lou M. Bonham, deceased; and in the matter of the estate of Fannie L. Bulck, deceased. Defendant conducted proceedings for the administration of each of the estates in the court of which he was judge in the same manner as he would have done as attorney for the persons he represented if he had not been judge of the court except he procured another member of the bar to permit his name to appear of record in each proceeding as nominal attorney for the parties by which defendant was employed and for whom he in fact acted. Defendant says in his answer that he then believed that all the law required under the circumstances was that some lawyer other than defendant appear of record as the attorney for the persons represented by defendant in the administration proceedings. This indicates that defendant was conscious of an impropriety in his conduct and is a concession that the records of the court were made to exhibit a misrepresentation. It also justifies the conclusion of a regrettable inattention to or an inexcusable disregard of the legal literature of the state.

The record definitely establishes that defendant practiced law in matters arising in and growing out of proceedings in the court of which he was judge and that he acted in the matters and proceedings in the dual capacity of attorney and judge. The participation of defendant therein as counsel for interested parties was a violation of the provisions of the Constitution that no county judge shall practice law in any court in any mat-

ter arising in or growing out of any proceeding in his court. Art. V, § 14, Constitution of Nebraska; State ex rel. Nebraska State Bar Assn. v. Wiebusch, *supra;* State ex rel. Nebraska State Bar Assn. v. Bates, 162 Neb. 652, 77 N. W. 2d 302. It was contrary also to the prohibition of the applicable statute. § 7-111, R. R. S. 1943. The unprofessional conduct ascribed to the defendant in this respect by the complaint and verified by the record transgressed section 31 of the Canons of Judicial Ethics of the American Bar Association which states in part: "If forbidden to practice law, he should refrain from accepting any professional employment while in office." The ethical standards relating to the practice of law in this state are the Canons of Professional Ethics of the American Bar Association and those that are approved from time to time by this court. These are recognized and applied in any proper case as rules governing the professional conduct of lawyers.

Defendant, as a part of his admission to practice law in the state, was required to obligate himself by an oath that he would support the Constitution of the state and that he would faithfully perform the duties of a member of the bar of Nebraska. § 7-104, R. R. S. 1943. Likewise he was required before he entered upon his official duties to take an oath to support the Constitution of the state and to faithfully discharge the duties of his office. Art. XV, § 1, Constitution of Nebraska. Misconduct of a lawyer acting as a judge may justify his disbarment as a member of the bar. A violation of his judicial oath aggravates the offense of disregarding his oath as a lawyer. State ex rel. Nebraska State Bar Assn. v. Wiebusch, *supra;* State ex rel. Nebraska State Bar Assn. v. Bates, *supra;* Tucker v. Heirs of Myers, 151 Neb. 359, 37 N. W. 2d 585.

The costs of each of the administration proceedings described above were paid to defendant while he was judge of the county court. He made no accounting of these to the county during his incumbency of the office.

After he had notice of the investigation concerning his conduct and the charges before the committee on inquiry of the bar association he paid the costs in one of the estate proceedings on October 5, 1957, to the county. The costs of the other three administration proceedings were not paid by defendant to the county until October 15, 1957, after the hearing before the committee on inquiry. The amount of the costs was retained by defendant after their receipt by him for more than 6 years.

The payment of the costs specified above was properly made to defendant as judge of the county court. § 24-549, R. R. S. 1943. He was a salaried officer and his compensation during the period involved was specified by law. Art. V, § 15, Constitution of Nebraska; § 23-1104, R. S. Supp., 1945; § 23-1104, R. S. Supp., 1949; Hamilton v. Foster, 155 Neb. 89, 50 N. W. 2d 542. The defendant was required to report the costs received to the board of county commissioners and to pay the amount thereof to the county treasurer not later than the 15th day of the month following the month during which they were received. § 33-130, R. R. S. 1943. A failure to comply with the statute was an offense for which sanctions were prescribed. § 33-132, R. R. S. 1943.

Defendant, while county attorney of Morrill County, received from the clerk of the district court an amount taxed as an attorney's fee for plaintiff in each of three cases for the foreclosure of tax liens prosecuted in the name and for the benefit of the county of Morrill. The dates the remittances were received by defendant were September 10, 1954, November 10, 1954, and May 18, 1956. He deposited these in his individual checking account in the bank of his choice. The Auditor of Public Accounts of the state challenged two of the amounts on April 25, 1957. The defendant paid the amount of these to the county treasurer on April 30, 1957, and he paid the amount of the third item to the county treasurer October 5, 1957, after he had notice of the complaint before the committee on inquiry. Defendant,

as county attorney, was obligated to institute and prosecute any action of the county to foreclose a tax lien. § 77-1918, R. R. S. 1943. He was not entitled to any amount taxed therein as an attorney's fee. § 23-1206, R. R. S. 1943. See, County of Sarpy v. Gasper, 149 Neb. 51, 30 N. W. 2d 67; Strawn v. County of Sarpy, 156 Neb. 797, 58 N. W. 2d 168.

The accepted doctrine is that money of a client, money collected for a client, or other trust property coming into the possession of a lawyer should be promptly reported and accounted for and should not under any circumstances be commingled with his own or be used by him. § 11, Canons of Professional Ethics of the American Bar Association. The belated restitution to the county of the costs which defendant had received and retained as above related and the payment to the county of the amount he had received without right from the clerk of the district court when he was threatened with or involved in proceedings concerning legal accountability therefor was not exoneration of the unprofessional conduct of defendant in reference thereto. State ex rel. Nebraska State Bar Assn. v. Hungerford, 159 Neb. 468, 67 N. W. 2d 759; State ex rel. Nebraska State Bar Assn. v. Feehan, 161 Neb. 9, 71 N. W. 2d 518.

Defendant does not deny the transgressions charged against him. He only pleads in effect that they were the result of absence of knowledge of the law, mistake, or error. These do not justify or excuse his serious repetitious derelictions. An assertion of illiteracy of constitutional provision, statutory enactments, and definitive pronouncements of the court of final decision is a futile haven for a judge or a lawyer. Likewise, an often-repeated claim of mistake or error in the handling of trust funds has small convincing influence. Implicit in each admission to the bar is an obligation that the licensee will know and will meticulously discharge his duties, uphold and obey the Constitution and the laws of the state, honor the standards of professional ethics,

and abjure from all offensive practices. State ex rel. Nebraska State Bar Assn. v. Feehan, *supra.*

Courts have a duty to maintain the integrity of the legal profession by excluding any member thereof whose conduct has a tendency to bring the courts or the profession of law into disrepute or to affect adversely the administration of justice. Hence the primary purpose of a disciplinary proceeding is not to punish the subject of it but to ascertain and determine in the public interest if he should be permitted to continue in the practice of law. State ex rel. Nebraska State Bar Assn. v. Wiebusch, *supra.* The charges made against defendant have been established. The judgment is that the defendant should be and he is disbarred from the practice of law in this state.

JUDGMENT OF DISBARMENT.

CARTER, J., did not participate in the decision of this case.