Stanley Eugene TRANOWSKI, Plaintiff-Appellant,

v.

The CHICAGO BAR ASSOCIATION, Defendant-Appellee.

No. 13716.

United States Court of Appeals Seventh Circuit.

Oct. 9, 1962.

Stanley Eugene Tranowski, pro se.

J. Russell Christianson, Chicago, Ill., for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is an action for damages under the Civil Rights Acts [1] based on allegations of an unlawful conspiracy of the defendant Bar Association with one of its members. The District Court dismissed the complaint for failure to state a cause of action, and plaintiff has appealed.

█ The well-pleaded allegations, in view of the dismissal, must be accepted as true: In June, 1959, plaintiff complained to the Association that an attorney defrauded him by failure to perform his duty in a criminal appeal after receiving from plaintiff a fee of $2,000.00. The Association's Grievance Committee held hearings in 1959 and in 1960, at which the plaintiff was represented. Plaintiff, during that time, filed additional material with the Association in support of his charge, trying to stimulate a recommendation, to the Illinois Supreme Court, of disciplinary action against the fraudulent attorney.

Plaintiff alleged that the Association purposely discriminated against him, because he was an inmate of prison, by its failure, for a period of two years, to recommend the disciplinary action. This failure, he alleges, was the result of a conspiracy with the deceitful attorney under color of Rule 59 of the Supreme Court rules. S.H.A. ch. 110, § 101.59. The question is whether the complaint alleges a denial of the equal protection of Rule 59 so as to state a cause of action under the Civil Rights Acts.

Rule 59 appoints defendant's Board of Managers and its Committee on Grievances as Commissioners of the Court. They are "empowered and charged" to make investigations that "may be necessary" of the practice of attorneys tending to defeat the administration of justice and to bring the legal profession into disrepute. The Board of Managers and Grievance Committee are also "empowered and charged" to receive complaints against attorneys, and to make rules and regulations necessary for the conduct of the inquiries. Under the Rule, the Committee or Board shall, "if" action by the Supreme Court is to be recommended, make its report concerning the complaint, answer and proof, and conclusions.

█ Clearly, the only right that is given the plaintiff or any other person is that of complaining to the Association. It has the duty and power to regulate its inquiries into complaints, and there is no allegation that there is a time limit, within which the Board must make a recommendation, which has been violated with respect to plaintiff. The Board or Committee has no duty to recommend disciplinary action in every inquiry, and none to report its action in every inquiry to the Supreme Court. It follows that the only pertinent duty the Association had was to permit plaintiff to complain. Rule 59 gave him no civil right that he has alleged was violated. On the contrary, his complaint in the District Court states that he filed the charge and thus has exercised the only right he had under the Rule.

Cases cited by the Association support our conclusions. In Ginsburg v. Stern, 125 F.Supp. 596 (W.D.Pa.1954); aff'd, 3 Cir., 225 F.2d 245 (1955), denial of equal protection of the law was claimed because the Supreme Court of Pennsylvania refused to entertain the plaintiff's petition charging members of the bar, and a judge, with prejudicial misconduct.[2] The District Court decided that plaintiff's sole right was to file the charges before the state Supreme Court, and said that plaintiff was without recourse no matter what reason the Supreme Court had for not entertaining his petition. A similar result was reached in

---

1. 28 U.S.C. § 1343 (1962); 42 U.S.C.A. §§ 1981–1985.

2. This procedure in Pennsylvania was formerly the procedure in Illinois.

Morgan v. Null, 117 F.Supp. 11 (S.D.N.Y. 1953), aff'd 2 Cir., 228 F.2d 411 (1955), cert. denied, 351 U.S. 914, 76 S.Ct. 705, 100 L.Ed. 1448 (1956), where the court decided that the plaintiff had stated no cause of action under the Civil Rights Acts, since neither under the common law nor New York law had she the right to submit information to the grand jury.

Plaintiff's complaint in the District Court stated no civil right under Rule 59, the exercise of which has been denied him through a failure to bring the grievance before the Illinois Supreme Court within two years. We hold that the trial court did not err in dismissing the complaint for failure to state a cause of action.

We expressly refrain from passing on the contention of the Association that the cause is moot.

The judgment is affirmed.