Wallie W. MATTICE, and Paul Rhodes,
Appellants,

v.

Clarence A. H. MEYER, Appellee.

No. 18016.

United States Court of Appeals
Eighth Circuit.

Dec. 1, 1965.

Rehearings Denied Dec. 15 and 22, 1965.

Wallie W. Mattice and Paul Rhodes,
pro se.

Robert A. Nelson, Sp. Asst. Atty. Gen.
of Nebraska, and Gerald Vitamvas, Deputy Atty. Gen., Lincoln, Neb., Clarence
A. H. Meyer, Atty. Gen., of Nebraska,
Lincoln, Neb., for appellee.

Before MATTHES and GIBSON, Circuit Judges, and LARSON, District
Judge.

MATTHES, Circuit Judge.

This appeal by Wallie W. Mattice and
Paul Rhodes presents the novel situation of a private citizen of the State of
Nebraska filing an unverified complaint
in the United States District Court for
the District of Nebraska, for the avowed
purpose of having Clarence A. H. Meyer
(respondent) disbarred from the further
practice of law in that court. Respondent
was, at all times relevant to this proceeding, and presently is, the Attorney
General of Nebraska. The complaint,
which was filed on December 31, 1964,
alleged, in substance, that respondent had

violated the "Canons of Professional ethics", "the Laws of the State of Nebraska", and "his oath of office as Attorney General", by appearing and representing Lumbermen's Mutual Casualty Company, a corporation, in action No. 01322 (Rhodes v. Houston, et al., D.C., 202 F.Supp. 624, aff'd 309 F.2d 959 (8 Cir. 1962)); and that respondent acted in the dual capacity of representing both the Insurance Department of the State of Nebraska and the Lumbermen's Mutual Casualty Company. The complaint was signed by Wallie W. Mattice, Pro Se.

Respondent did not, by motion or otherwise, challenge the standing of Mattice to institute and prosecute the proceeding. Instead, for the apparent purpose of obtaining full judicial vindication of the baseless charges, he joined issue by filing an answer which categorically denied the allegations of the complaint. Additionally, respondent requested that the court hold a hearing, strike the complaint as scandalous, and grant other just and equitable relief.

On February 1, 1965, Paul Rhodes, the unsuccessful litigant in Rhodes v. Houston, supra, and in other litigation which has been terminated in this court,[1] filed a motion to intervene as a "co-plaintiff" in this proceeding. On the same day, Mattice filed a motion to amend his complaint, by adding Rhodes as a "complainant".

February 2, 1965, the Court, Honorable Richard E. Robinson, conducted a plenary evidentiary hearing. At the outset of this hearing, Judge Robinson announced:

"I think the Court should announce at this time that this complaint was probably inadvertently filed as a case of record in this court. As the Court views it, there is no basis or authority for filing such a complaint but the Court now treats it as though it had been in letter form directed to the Court bringing to the attention of the Court the matter set forth in the complaint touching upon the qualifications of a member of the bar of this court to be permitted to further continue to practice at the bar of this court. For that reason I have treated this * * as a matter brought officially to the attention of the Court, and I will hear any and all evidence bearing upon it."

Contemporaneous with this announcement, the court denied the motion to intervene.

A brief résumé of the evidence, concerning which there is no dispute, will be sufficient to conclusively demonstrate the utter lack of any factual support for the alleged professional misconduct of respondent.

Respondent's representation of the Nebraska officials sued in Rhodes v. Houston, supra, apparently provided the primary reason for the filing of this complaint by Mattice and for the filing of an almost identical complaint, by one Clyde Allen Gardner, in the Supreme Court of Nebraska. Neither Mattice nor Gardner is a lawyer and, so far as this record reveals, neither was a party to, nor interested in, the case of Rhodes v. Houston, supra.

Gardner's complaint, seeking the disbarment of respondent by the Supreme Court of Nebraska, was filed on or about December 21, 1964. Pursuant to the rules promulgated by the Nebraska Supreme Court, the matter was set for consideration on January 13, 1965, by the Committee of Inquiry.[2] Gardner was notified and requested to be present. He failed to appear before the Committee at the appointed time and place. However, the Committee, after hearing testimony under oath, reached the following conclusion: "After fully considering the matter, the Committee unanimously found

---

1. See Rhodes v. Jones, 351 F.2d 884 (8 Cir. Oct. 29, 1965).

2. Rule 2 of Part III of the Revised Rules of the Supreme Court of Nebraska, 1963, provides for an inquiry into charges of professional misconduct by the Committee of Inquiry.

that the complaint was wholly without merit and should be dismissed. The Committee further found that Clarence A. H. Meyer was not, and had never been, employed as an attorney by Lumbermen's Mutual Casualty Company."

In this proceeding, Mattice admitted that he and Gardner had collaborated in the preparation of the instant complaint. Gardner, who had been subpoenaed at the request of respondent, testified, in response to questions by the Court, that he had talked with William Niklaus in connection with the preparation of the two complaints and had access to the Niklaus file.[3] Mr. Rhodes did not testify, but the court permitted him to cross-examine witnesses who appeared in behalf of respondent and to further participate in the proceedings.[4] Respondent, Mr. Nelson, an Assistant Attorney General, and a representative of Lumbermen's Mutual Casualty Company, also testified and unequivocally denied that respondent represented the interest of Lumbermen's Mutual Casualty Company in Rhodes v. Houston, supra.

After the evidence had been fully developed and the matter had been submitted, the court, on March 5, 1965, filed a memorandum, which contains the finding: "that there is absolutely no basis in fact or in law to support the allegations contained in the said complaint for disbarment. On the contrary, the Court finds that the said Clarence A. H. Meyer, the person complained of, possesses all of the requisite legal and moral qualifications to serve as a member of the Bar of this Court." Additionally, the court found that Mattice and Rhodes "have no standing to prosecute this matter as an action," [5] and no standing to prosecute an appeal, and thereupon ordered that the file of this proceeding be stricken. Thereafter, Mattice and Rhodes filed a notice of appeal "from the Order denying application for intervention of Paul Rhodes, and denial of Complainant to amend Complaint, and from the final judgment entered in this action on March 5, 1965".

■ We fully concur in the district court's disposition of the proceeding. Although it is fundamental that every court which has power to admit attorneys to practice, also has inherent authority to disbar or discipline attorneys for unprofessional conduct, Hertz v. United States, 18 F.2d 52, 54 (8 Cir. 1927); Conley v. United States, 59 F.2d 929, 935 (8 Cir. 1932); In re Claiborne, 119 F.2d 647, 650 (1 Cir. 1941); Phipps v. Wilson, 186 F.2d 748, 751 (7 Cir. 1951), the law does not authorize an individual to institute and maintain a formal action against a lawyer for disbarment from practice in the courts of the State of Nebraska or in the United States District Court for the District of Nebraska.

In Nebraska, and, we assume, in other jurisdictions (see 7 Am.Jur.2d, Attorneys at Law, § 60), the state Supreme Court has promulgated rules designed to provide an adequate procedure for disciplining lawyers licensed to practice in the state. Thus, Part III of the Revised Rules of the Supreme Court of Nebraska,

---

3. We note that one William Niklaus was disbarred from the practice of law by the Supreme Court of Nebraska in 1948. See State ex rel. Nebraska State Bar Ass'n v. Niklaus, 149 Neb. 859, 33 N.W.2d 145 (1948); and, Niklaus v. Simmons, 196 F. Supp. 691 (D.C.Neb.1961).

4. Since Mr. Rhodes' motion for intervention had been denied, we assume he was acting as attorney for Mattice. Rhodes has been disbarred. State ex rel. Nebraska State Bar Ass'n v. Rhodes, 177 Neb. 650, 131 N.W.2d 118 (Oct. 1964). However, his right to participate in the hearing in a representative capacity was not challenged by respondent or by the court.

5. In its memorandum, the court stated: "The Court tried to make it abundantly clear at the start of the hearing that the matter should never have been docketed as a formal complaint. However, the Court also made it clear that by reason of the filings and the nature of the complaint the Court would proceed on its own motion to hear any material and relevant evidence bearing upon the allegations set forth in said complaint which the Court proceeded to do."

1963, prescribes the procedure for the discipline of lawyers admitted to practice in Nebraska.[6]

In a disbarment proceeding, the petition does not initiate an *action*, either civil or criminal. Niklaus v. Simmons, supra, 196 F.Supp. at 716. Rather, "[s]uch a petition invokes the inherent power of the courts to maintain the integrity of the bar and to see that courts and its members do not fall into disrepute with the general public through unprofessional or fraudulent conduct." Ginsburg v. Stern, 125 F.Supp. 596, 603 (D.C. W.D.Pa.1954), aff'd 225 F.2d 245; State ex rel. Nebraska State Bar Ass'n v. Conover, 166 Neb. 132, 88 N.W.2d 135, 139 (1958); State ex rel. Nebraska State Bar Ass'n v. Fisher, 170 Neb. 483, 103 N.W.2d 325, 328 (1960); Tranowski v. Chicago Bar Ass'n, 309 F.2d 421, 422 (7 Cir. 1962). The court stated in Ginsburg v. Stern, supra, at 603: "Plaintiff's petition, just as any other complaint of professional misconduct, merely supplied information for the court's consideration. * * * If the court considers that no offense has been committed; or that the allegations of the complaint are insufficient, immaterial, impertinent or scandalous; or that the complaint has been filed from an improper motive; or for any other reason decides not to proceed with the matter, the complainant has no recourse."

Neither the Federal Rules of Civil Procedure, nor the rules of the United States District Court for the District of Nebraska, authorize an individual to maintain a disbarment action against a lawyer who has been enrolled and admitted to practice in that court. An individual may, acting as an informer, make available to the district court pertinent information bearing upon the qualifications or professional conduct of a member of the federal bar. Beyond that point the individual may not exercise control over the proceedings. Further action, if any, becomes the responsibility of the court.

In summary, Mattice lacked standing at law to maintain the proceeding as a formal action; absent the pendency of an action, there was no basis for intervention under Rule 24, F.R. Civ.P., and neither Mattice nor Rhodes has standing to appeal. Consequently, the appeal must be dismissed.

Because of the serious implications of the allegations of the complaint which, if true, could militate against the right of respondent to remain a member of the bar of the United States District Court for the District of Nebraska, we have looked beyond the technical aspects of the situation to ascertain whether there is any factual support for the accusations. We unhesitatingly conclude that there is absolutely no foundation for the allegations of the complaint, and no merit in the additional innuendoes of misconduct interspersed in the testimony of Mattice and Gardner. There is not a shred of evidence indicating any impropriety in respondent's professional or official conduct. To the contrary, it has been conclusively demonstrated that, in Rhodes v. Houston, supra, the respondent, who represented only the interests of the public officials, was engaged in the discharge of his duty as the chief legal officer of the State of Nebraska.

The appeal is dismissed.

---

6. This Part provides, in summary, that the proceedings may be instituted and prosecuted in the name of the State of Nebraska on the relation of the Nebraska State Bar Association, or on the relation of any other person, if leave of court be first obtained. Provision is made for service of a copy of the complaint upon the respondent; for filing of answer by respondent; for investigation by a Committee of Inquiry; for taking of testimony by a referee designated by the Supreme Court; for the report and recommendations by the referee; for filing of exceptions to the report; for hearing of the matter by the Supreme Court; and for disposition of the proceeding by the Supreme Court.