**In the Matter of John D. HASLER, Petitioner.**

**No. 54453.**

Supreme Court of Missouri, En Banc.

June 27, 1969.

HENLEY, Acting Chief Justice.

This proceeding was commenced January 13, 1969, by petitioner, John D. Hasler, a member of the Bar of this court, filing a petition voluntarily submitting himself to the jurisdiction of the court for such disciplinary action as the court deems just. A copy of the petition was served on The Advisory Committee of the Missouri Bar Administration.

Thereafter, pursuant to stipulation between petitioner and The Advisory Committee, the proceeding was on May 12, 1969, submitted on the petition, transcripts of voluminous evidence described in the stipulation, and petitioner's position paper, without oral argument, and the matter taken under advisement.

The proceeding arises out of petitioner's conduct in relation to a divorce suit entitled Delmar Shelby, Plaintiff, v. Jean Poole Shelby, Defendant, pending before petitioner while Judge of the Circuit Court of St. Louis County. The petition states, among other things, that during the pendency of this suit petitioner, without the knowledge of Mr. Shelby or his counsel, corresponded with and had private meetings and telephone conversations with Mrs. Shelby regarding the divorce suit. Petitioner resigned as Circuit Judge in August, 1968.

■■■ Our review of the evidence persuades us that petitioner is guilty of gross misconduct as a judge and as a lawyer. The "[m]isconduct of a lawyer acting as a judge may justify his disbarment as a member of the bar. A violation of his judicial oath aggravates the offense of disregarding his oath as a lawyer." State of Nebraska ex rel. Nebraska State Bar Association v. Conover, 166 Neb. 132, 88 N.W.2d 135, 138 [4]. See also: In re Williams, 233 Mo.App. 1174, 128 S.W.2d 1098, 1105 [6]; Annotation, 53 A.L.R.2d 305; 7 Am.Jur.2d, Attorneys at Law, p. 74, Section 47.

We are mindful of and have considered the principle that proceedings to discipline a lawyer " * * * 'are not for the purpose of punishment, but for the purpose of preserving the courts of justice from the official ministrations of persons unfit to practice in them.' " In re Graves, 347 Mo. 49, 146 S.W.2d 555, 557 [2], and cases there cited. See also: In re Ellis, 359 Mo. 231, 221 S.W.2d 139; In re Burrus, 364 Mo. 22, 258 S.W.2d 625.

We hold that petitioner has violated Rule One, Canons of Judicial Ethics, and Rule

4, Canons of Professional Ethics,[1] and are constrained to the view, and hold, that he should be disbarred. It is so ordered.

All concur, except STORCKMAN, J., who concurs in result.

HOLMAN, C. J., not participating in the consideration of or decision in this proceeding.

1. References to rules are to Rules of the Supreme Court of Missouri and V.A.M.R.