STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. CHARLES LEDWITH, A MEMBER OF THE NEBRASKA STATE BAR ASSOCIATION, RESPONDENT.

250 N. W. 2d 230

Filed February 9, 1977.  No. 40183.

Paul L. Douglas, Attorney General, and John P. Regan, for relator.

Lloyd E. Atchley, for respondent.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, NEW-

TON, CLINTON, and BRODKEY, JJ., and FAHRNBRUCH, District Judge.

PER CURIAM.

This is a disciplinary proceeding brought against Charles Ledwith, a practicing member of the Nebraska State Bar Association. Ledwith acted as both executor and attorney for the estate of his father-in-law, Nels P. Nelson, who died testate December 24, 1971. Letters testamentary were issued January 20, 1972. Decedent's property, with the exception of household goods, jewelry, and tangible personalty, was by will bequeathed in equal shares to his six children or their heirs by right of representation. The inventory listed assets consisting of cash, bank and savings and loan deposits amounting to $23,244.57. Final decree was entered May 15, 1973, and found remaining assets consisted of an account amounting to $19,148.79 which were ordered distributed as follows: To Donald Martin Nelson, a son, Wayne Lawrence Nelson, a son, Bette Bonn Ledwith, a daughter, and Richard L. Nelson, only child of a deceased son, $3,191.46 each; to Sandra Bohlmeyer and John Armstrong, children of a deceased daughter, $1,595.73 each; to Angeline Anne Beck, Robert Eugene Nelson, Jr., Rene Rogers Nelson, Nanette Nelson, and Suzette Nelson, children of a deceased son, each $638.30. An attorney's fee in the sum of $1,100 was allowed and the executor's fee waived.

Both the final report and supplemental report of the executor were false in that a considerable part of the funds said to be on hand had been expended. Bank records show that respondent, as executor, had paid to Bette Bonn Ledwith, his wife, $13,900 and to himself, $1,990. Distribution was not made as directed in the decree of May 15, 1973, and on October 30, 1973, respondent was removed as executor. The order of removal was appealed and stalled for several months. It appears that respondent may have eventually paid all

the distributive shares except those of Rene Rogers Nelson, Nanette Nelson, and Suzette Nelson, who were minors for whom respondent was acting as custodian. No receipts or other evidence of payment of these items appear in the records. It is evident that, as executor, respondent converted a large portion of the estate to the use of his wife and himself. Some of the distributive shares paid were not paid until October 23, 1974, approximately 15 months after entry of the decree of distribution and 1 day before respondent was to appear before the local Committee on Inquiry.

It is evident that respondent has violated several of the canons and disciplinary rules of the Code of Professional Responsibility. He has failed to assist in maintaining the integrity and competence of the legal profession; he has engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, conduct prejudicial to the administration of justice, and conduct adversely reflecting on his fitness to practice law. He has neglected legal matters entrusted to him; he has failed to keep separate and properly account for funds entrusted to him; he has failed to promptly pay over and deliver such funds and has converted them, at least in part, to his own uses.

"An attorney may be subjected to disciplinary action for conduct outside the practice of law or the representation of clients, and for which no criminal prosecution has been instituted or conviction had, even though such conduct might be found to have been illegal." State ex rel. Nebraska State Bar Assn. v. Cook, 194 Neb. 364, 232 N. W. 2d 120.

"A license to practice law in this jurisdiction is granted on the implied understanding that the party receiving it shall at all times demean himself in a proper manner and abstain from such practices as cannot fail to bring discredit to himself, the profession, and the courts. * * *

"Violation of any of the ethical standards relating to

the practice of law, or any conduct of an attorney in his professional capacity which tends to bring reproach on the courts or the legal profession, constitute grounds for suspension or disbarment." State ex rel. Nebraska State Bar Assn. v. Strom, 189 Neb. 146, 201 N. W. 2d 391.

"A restitution of funds wrongfully converted by a lawyer, after he is faced with legal accountability, is not an exoneration of his professional misconduct." State ex rel. Nebraska State Bar Assn. v. Hungerford, 159 Neb. 468, 67 N. W. 2d 759. See, also, State ex rel. Nebraska State Bar Assn. v. Conover, 166 Neb. 132, 88 N. W. 2d 135.

"A duty rests on the courts to maintain the integrity of the legal profession by disbarring or suspending attorneys who indulge in practices designed to bring the courts or the profession into disrepute, or to perpetrate a fraud on the courts, or to corrupt and defeat the administration of justice." State ex rel. Nebraska State Bar Assn. v. Jensen, 171 Neb. 1, 105 N. W. 2d 459.

We have consistently held that a conversion by a lawyer of trust funds in his possession requires his disbarment. It is therefore adjudged that respondent be disbarred.

JUDGMENT OF DISBARMENT.