STATE OF NEBRASKA EX REL.
NEBRASKA STATE BAR ASSOCIATION, RELATOR, V.
MAC H. MCCONNELL, RESPONDENT.

313 N.W.2d 241

Filed December 4, 1981. No. 43994.

Paul L. Douglas, Attorney General, and Mel Kammerlohr for relator.

Tony J. Redman for respondent.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

CLINTON, J.

This is a disciplinary action brought under the rules of this court against the respondent, Mac H. McConnell, a lawyer licensed by this court to practice law in this state. Respondent is charged with violation of DR 1-102(A) (4) of the Code of Professional Responsibility. The rule in question defines as misconduct the action by a lawyer involving, among other things, dishonesty,

deceit, or misrepresentation. The referee appointed by the court recommended that the respondent be disbarred. There is no dispute in the evidence and the only issue before us is whether the recommended discipline of disbarment is excessive and some other sanctions should be imposed.

The evidence shows that on January 4, 1977, when the respondent was the secretary-treasurer of the Madison County Bar Association he, without authorization, withdrew the sum of $1,500 from the library fund of the association and converted the money to his own use. The conversion was not discovered until March 1980, after the association made a purchase of books in the sum of $1,400 and the check given in payment thereof resulted in an overdraft of the account at the bank. When McConnell had turned over the association's checkbook to his successor in office about 3 years before the purchase, it showed a balance in the account of over $2,000. The account had been inactive for 3 years until the books purchase was made. When the overdraft appeared it was discovered that McConnell had made a cash withdrawal on January 4, 1977, which had not been recorded in the checkbook or otherwise shown in the records of the association. When called upon for an explanation, McConnell at first said he could not remember the transaction. Sometime later he presented to his successor in office a check dated March 17, 1980, drawn upon a savings and loan association in the amount of $1,722.30, and stated that he had deposited the money so it would draw interest and that he had forgotten about the matter. Investigation, however, indicated that the savings and loan account had been opened on March 17, 1980, the same day the check in repayment was drawn. At the hearing before the Committee on Inquiry, McConnell acknowledged that he converted the money to his own use and that he had opened the savings and loan account on March 17, 1980.

The respondent, through his attorney, argues that suspension rather than disbarment is an appropriate

sanction because the respondent, except for this offense, has an otherwise good record and reputation, and that the fact that he did not convert the funds of a client distinguishes the present case from others in which orders of disbarment have been entered.

This court has uniformly imposed the sanction of disbarment in cases of embezzlement or like defalcation by lawyers, and that sanction has not depended upon whether the funds taken were those of a client. See, *State ex rel. Nebraska State Bar Assn. v. Ledwith*, 197 Neb. 572, 250 N.W.2d 230 (1977) (embezzlement by an attorney who was an executor of an estate); *State ex rel. Nebraska State Bar Assn. v. Conover*, 166 Neb. 132, 88 N.W.2d 135 (1958) (conversion by a county judge and county attorney of county funds); *State ex rel. Nebraska State Bar Assn. v. Bremers*, 200 Neb. 481, 264 N.W.2d 194 (1978) (failure to account for funds as guardian and administrator).

JUDGMENT OF DISBARMENT.