In re The Honorable Don
E. BURRELL, Jr.,
Respondent.

No. SC 81720.

Supreme Court of Missouri,
En Banc.

Nov. 23, 1999.

James M. Smith, St. Louis, for Informant.

Thomas G. Strong, Springfield, for Respondent.

STEPHEN N. LIMBAUGH, Jr., Judge.

On November 3, 1998, Respondent, Don E. Burrell, Jr., was elected to the office of Circuit Judge, 31st Judicial Circuit. Following the election, the Commission on Retirement, Removal and Discipline (Commission) instituted an investigation and "formal proceeding" under Rule 12 to determine whether Respondent had violated provisions of the Code of Judicial Conduct pertaining to the conduct of candidates for judicial office. The Commission's "notice of formal proceeding" was set out in three counts, the first two involving Respondent's television and radio advertisements, which aired during the election campaign, and the third involving Respondent's alleged failure to comply with a cease and desist order that the Commission issued shortly before the election to compel Respondent to refrain from broadcasting the ads. After a hearing, the Commission found that the allegations under each of the three counts were true and concluded that Respondent's conduct was in violation of the code provisions. The Committee then recommended that Respondent be issued a public reprimand.

From the outset, Respondent challenges the Commission's authority to prosecute and hear these alleged violations. Respondent contends that he is subject to discipline, if at all, by the Office of Chief Disciplinary Counsel (CDC), which prosecutes misconduct by lawyers, rather than the Commission, which prosecutes misconduct by judges. The cases cited by Respondent – In re Mills, 539 S.W.2d 447 (Mo. banc 1976), and In re Hasler, 447 S.W.2d 65 (Mo. banc 1969) – are not directly on point because they deal with the authority of the CDC rather than that of the Commission. Mills held only that the Advisory Committee (now the CDC) had authority to prosecute a sitting judge for professional misconduct committed before the judge took the bench. 539 S.W.2d at 449–50. Similarly, Hasler held, implicitly, that a judge who was no longer in office, but who committed misconduct while in office, also was subject to discipline by the CDC. 447 S.W.2d at 66. The precise issue in this case – whether the Commission (as opposed to the CDC) has jurisdiction over a sitting judge for acts committed as a judicial candidate before taking the bench – appears to be one of first impression.

Article V, sec. 24, of the Missouri Constitution is dispositive. That section establishes the Commission and sets the duties

of the Commission members and the procedures to be followed. Subsection 1 states in pertinent part that "[t]he commission shall receive and investigate all requests and suggestions for retirement for disability, and all complaints concerning misconduct of all judges, members of the judicial commissions, and of this commission . . . ." This subsection is addressed solely to the misconduct of sitting judges, and for that reason, the Commission's authority does not extend to complaints of misconduct by lawyers before they become judges. Moreover, nothing in the Constitution suggests that the Commission has any sort of "pendent" jurisdiction over the misconduct of lawyers who simply seek to become judges. In this case, Respondent's alleged misconduct occurred while he was not yet a judge, and, thus, he cannot be prosecuted by the Commission. Only the CDC has jurisdiction to prosecute such claims.

The Commission concedes that its jurisdiction is limited to actions against sitting judges, but argues instead that article V, section 24, does not "specifically [limit] the conduct over which the Commission has jurisdiction to that which occurred while on the bench," and that the Commission's "jurisdiction over a non-judge judicial candidate is concurrent with the Office of Chief Disciplinary Counsel." In support, the Commission cites subsection 3 of section 24, which provides that this Court, on recommendation of the Committee,

> shall remove, suspend, discipline or reprimand any judge of any court or any member of any judicial commission or of this commission, for the commission of a crime, or for misconduct, habitual drunkenness, willful neglect of duty, corruption in office, incompetency or any offense involving moral turpitude, or oppression in office. . . .

The Commission contends that the reference to "misconduct" in this subsection is not restricted to misconduct in office, with the implication that the Commission may proceed against Respondent for misconduct whenever it occurred. We disagree. Subsection 3 must be read in conjunction with subsection 1, which, as noted, states that "The commission shall receive and investigate . . . all complaints concerning misconduct of judges. . . ." The misconduct referred to in this provision is indeed restricted because the reference is solely to the misconduct of judges, not to the misconduct of lawyers who later become judges. We reiterate our holding that the Commission has no authority to prosecute claims against Respondent who was a lawyer, but not a judge, at the time of the alleged misconduct.

Although this holding disposes of the charges brought by the Commission, the CDC is not precluded from bringing its own charges alleging violations of the Rules of Professional Conduct under Rule 4 and, in particular, Rule 4–8.2(b), which states, "A lawyer who is a candidate for judicial office shall comply with the applicable provisions of the Code of Judicial Conduct." The CDC may not, however, reassert the charges set out in Count 3 of the Commission's "notice of formal proceeding" regarding the alleged violation of the Commission's cease and desist order. If, as we have held, the Commission had no authority to prosecute the case against Respondent, then it necessarily follows that the Commission had no authority to issue a cease and desist order as part of that prosecution. Respondent cannot be guilty of violating a cease and desist order that was invalid and unenforceable.

For the foregoing reasons, the Commission's recommendation for discipline is rejected.

PRICE, C.J., COVINGTON, WHITE, HOLSTEIN, and BENTON, JJ., and HAMILTON, Special Judge, concur.

WOLFF, J., not participating.